■ LOUIS V. ALBINI et al., Appellants, v. SOLORK ASSOCIATES et al., Respondents.— In an action to enjoin the sale of a certain purchase money mortgage, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated August 16, 1971, which denied their motion for a preliminary injunction enjoining such sale. Order reversed, with $10 costs and disbursements, and motion granted on condition that plaintiffs (1) move this case for trial at the November Term and pay the requisite fees therefor and (2) procure the $54,000 bond heretofore given by them (pursuant to the order of this court, dated August 23, 1971, which bond was amended in accordance with the further order of this court dated September 10, 1971) to be amended to cover only all the operating deficits on the subject real property. Defendants are hereby directed to continue to make the necessary payments upon the first mortgage on the subject property. In our opinion, the learned Special Term correctly noted that on a motion for a preliminary injunction the movant must prove three things: (1) likelihood of his ultimate success on the merits; (2) irreparable injury to him absent granting of the preliminary injunction; and (3) a balancing of equities (*Park Terrace Caterers* v. *McDonough,* 9 A D 2d 113; *Barricini, Inc.* v. *Barricini Shoes,* 1 A D 2d 905; *Gilbert* v. *Burnside,* 6 A D 2d 834). In our view, on the record herein, plaintiffs have arguably met the three requirements for the issuance of a preliminary injunction and the Special Term was in error in refusing to grant the requested relief. Under the circumstances, however, a speedy trial of the issues should be had at the November Term. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■ BEN BRENDER et al., Respondents, v. GEORGE A. BERMAS, Defendant, and ALFRED W. GOLDER, Appellant.— In a negligence action to recover damages for personal injuries and loss of consortium, defendant Golder appeals from an order of the Supreme Court, Nassau County, dated July 26, 1968, which denied his motion for an order dismissing the action for failure to prosecute. Order reversed, without costs, on the law and the facts and in the exercise of discretion; motion granted unconditionally; and complaint dismissed. Plaintiffs failed to serve and file a note of issue notwithstanding the service upon them of a demand, pursuant to CPLR 3216, as amended, that they do so within 45 days. The excuse that the attorney handling the matter had died is insufficient, as his death occurred some 42 months after the joinder of issue (during which time no pretrial proceedings were had) and four and one-half months prior to the service of the 45-day demand. Plaintiffs' offer to have the matter transferred to the District Court did not, under the circumstances, amount to compliance with CPLR 3216 (see *Reilly* v. *Otis Elevator Co.,* 20 A D 2d 530). The unexcused delay, combined with the failure to submit an affidavit of merits, entitles appellant to an unconditional dismissal of the complaint (*Pernise* v. *Di Giacomo,* 25 A D 2d 447). Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.