OPINION OF THE COURT
Beatrice Shainswit, J.
The court is confronted with a direct challenge to the exercise of its equity power. In a case which shrieks for a preliminary injunction, the defendant maintains that the court is handcuffed because he has initiated an arbitration process. As defendant would have it, his serving of a demand *848 for arbitration eliminates from judicial scrutiny his blatant rifling of the assets of the partnership from which he had resigned. Whatever and however arbitrators may deal with the controversy submitted for arbitration, this court still sits to invoke judicial machinery in an emergency situation, to prevent irreparable injury, and to preserve the status quo while the time-consuming arbitration process unfolds.
The record on this motion speaks more forcefully than the phraseology of any judicial condemnation. Ernest Larson and defendant Milton Margulies were the remaining partners in a firm with which Larson has been associated for several decades, and defendant since 1970. Larson — the managing partner, with a substantially larger account equity capital — suffered a heart attack last summer. Upon his return to work there was a dispute over shares, and defendant withdrew from the partnership. Thereafter plaintiff’s papers reveal — and it is not denied — that defendant, through stealth and in the dead of night, entered the partnership offices (which concededly were lawfully being operated by Larson after defendant’s resignation) and helped himself to everything; he cleaned out the partnership, its books and records, its files, its accounts, its time sheets, even its furniture, its library, and its office supplies. Plaintiff has pointed out, without contradiction, that the vast bulk of the partnership clientele was not attributable to defendant, but rather to Mr. Larson, who had either acquired them or succeeded to them in the course of the partnership. Defendant’s limited involvement with the clientele did not deter him from his all-out raid. His ransacking has destroyed the business as an on-going operation; it absolutely cannot function without these records. Plaintiff cannot service its clients in any way nor can it bill them and maintain the cash flow necessary to pay its expenses, including wages for employees. Accordingly it brings on this motion, seeking a preliminary injunction for the recovery of the purloined records, papers, and other assets, without which its demise as a viable enterprise is immediately inevitable.
Defendant, without contesting a single one of the above facts, has served notice of intention to arbitrate, and cross-moves to stay the injunction action pending arbitration.
The motion for an injunction is granted, and the cross motion is denied. Injunctive relief is necessary to prevent the tortuous arbitration process, which proceeds glacially, from *849 being used as a noose to strangle the partnership and the victimized remaining partner. A court of justice cannot sit idly by, while a defendant — although he technically may not have committed a burglary — nevertheless has just as completely despoiled a partnership for his own self-interest.
Plaintiff has established a clear right to a preliminary injunction on virtually undisputed facts. The likelihood of ultimate success on the merits in plaintiff’s favor is almost inevitable. The irreparable injury that would be sustained, if the court turned plaintiff away, is manifest beyond quibble.
Even assuming that arbitrators can award a provisional remedy, this is cold comfort to this plaintiff on this record. Here, inescapable irreparable harm is threatened if plaintiff were relegated to petitioning the arbitrator for a provisional remedy. It is not disputed that the arbitration machinery provided for in the partnership agreement would take at least many weeks, if not more likely months, to begin to function.
The court unhesitatingly invokes all of its powers to stave off the economic suicide of plaintiff and Mr. Larson, which defendant has so assiduously sought to bring about. (See American Eutectic Welding Alloys Sales Co. v Flynn, 399 Pa 617; Matter of New England Petroleum Corp. v Asiatic Petroleum Corp., 82 Misc 2d 561, 565.)
The court directs that defendant return all partnership files, books, and accounts, as well as all other property removed by him. He will suffer no harm because he may have access to the records at the place of business of the partnership.
The limited injunctive relief granted herein is molded to fit the circumstances. A balancing of the equities dictates that the status quo be preserved to the extent possible, and to stave off the threatened irreparable harm — and all the more so at the behest of a litigant who has demonstrated such a clear likelihood of success by whatever yardstick this record is appraised (Albini v Solork Assoc., 37 AD2d 835).
In all other respects this action is stayed pending the outcome of the arbitration.
Settle order forthwith, on two days’ notice, providing for a $2,500 bond, which the court considers appropriate in the particular circumstances of this case.