OPINION OF THE COURT
Richard Lee Price, J.
Petitioner, Medical Malpractice Insurance Association (MMIA), seeks a judgment pursuant to CPLR article 78 requiring the Superintendent of Insurance to hold a hearing with respect to his decision of October 30,1981, which reduced petitioner’s proposed rate increase by approximately 85%. The superintendent, appearing by the Attorney-General, cross-moves for dismissal of the petition and injunctive relief. Since the cross motion to dismiss addresses the merits, it will be deemed as the answer to the petition. The application for a judgment ordering a hearing is granted and the cross motion is denied.
MMIA is a nonprofit entity comprised of insurance companies writing personal injury liability insurance in New York State. Membership in MMIA is required of these companies by statute as a condition of their continued authority to write such insurance in this State. MMIA is required to furnish medical malpractice insurance upon application of any physician or surgeon licensed to practice in the State up to an aggregate limit of $3,000,000.
Pursuant to subdivision 2 of section 684 and subdivision 1 of section 180 of the Insurance Law, MMIA develops and *104 files rates which must meet certain criteria, so that MMIA’s financial soundness is assured without charging excessive premiums for its malpractice coverage. The rate filings are subject to disapproval by the superintendent, who must state his reasons therefor. After such a disapproval, MMIA is entitled to a hearing as defined in the Insurance Law.
. Section 23, covering departmental hearings, of the Insurance Law requires, in pertinent part: “Every person affected shall be allowed to be present during the giving of all the testimony, and shall be allowed a reasonable opportunity to inspect all adverse documentary proof, to examine and cross-examine witnesses, and to present proof in support of his interest.”
MMIA filed for a 210% rate increase in April and October, 1981. The superintendent engaged an independent actuarial firm to study the rate filing and that of another malpractice carrier. The independent actuarial firm made a recommendation that MMIA be allowed a 107.3% rate increase.
An “informal, informational” hearing was held before Insurance Department personnel in late September and on October 1. At the commencement of the hearing, the record reflects that the chairman commented: “This hearing, which is not required by statute, has been called by the Insurance Department for the purposes of gathering information. It is not an adversary proceeding. It would not contribute to an orderly procedure to permit the cross-examination of witnesses by other witnesses, or by members of the audience.” (Emphasis supplied by court.) It is uncontroverted that none of the witnesses were sworn, and that the examination of documentary evidence was not allowed. By opinion dated October 30, 1981, MMIA was given a rate increase of 27.8%, somewhat more than one fifth of the amount recommended by the independent actuary.
Counsel, in line with subdivisions 5 and 6 of section 184 and section 186 of the Insurance Law, requested a hearing. The request was denied by the superintendent’s letter of November 20, 1981, which, in effect, told MMIA that the *105 four days of “informal” hearings alluded to previously were sufficient. In its final paragraph, the letter finalized the 27.8% increase effective July 1,1981. Petitioner now seeks to force the superintendent to hold the hearings required by the Insurance Law. In opposition, the superintendent merely argues that “no useful purpose would be served by a new hearing, even if it were statutorily permissible.” However, it is clear that the “informational” hearings held before the decision were no substitute for the statutorily mandated hearing and because of the lack of cross-examination and the other procedural safeguards petitioner would be deprived of a substantial right if its request was denied. Under section 186-b of the Insurance Law, MMIA had 30 days after the decision to request such a hearing and its initial request was timely.
As to the cross motion, it is obvious that the request that MMIA be enjoined from benefiting from the 27.8% rate hike granted by the superintendent in his letter was intended to be punitive in nature. There is no reason to enjoin as unfair a benefit granted only if the court sees fit to grant the relief sought by petitioner. Furthermore, there has been no showing of irreparable harm, a predicate for the grant of an injunction. (See Albini v Solork Assoc., 37 AD2d 835.) Accordingly, the cross motion is denied.
Settle judgment accordingly, requiring the holding of the statutory hearing within 60 days from the date of entry of the judgment to be signed herein.