OPINION OF THE COURT
Norman C. Ryp, J.
“Fight” v “Exhibition?” Which TV network program (CBS-TV’s “Saturday Sports” or ABC-TV’s “Wide World of Sports”) wins the decision for the television championship of a boxing exhibition, for the No. 1 heavyweight contender?
A. issue
Whether a canceled boxing “fight” includes or bars televising a subsequent “exhibition,” upon a competing TV network, involving the same boxer under a prior TV network licensing agreement?
B. INTRODUCTION & PROCEDURAL HISTORY
Plaintiff, CBS, Inc. (CBS), moves by order to show cause, pursuant to CPLR 6301, to enjoin remaining defendants American Broadcasting Companies, Inc. (ABC), Tiffany Promotions, Inc., and Sam Glass (Gerry Cooney [Cooney] and Joe Bugner [Bugner] were not served herein and parties’ stipulation was discontinued against Westbury Music Fair) from negotiating or contracting for, *572 advertising, promoting, televising, commencing or continuing any performance pursuant to any contract or contracts between or among any or all defendants with respect to the advertising, promoting, exhibiting, televising or holding of any boxing bouts between defendants Gerry Cooney and Joe Bugner now scheduled to occur on January 22, 1982[1] and on January 30, 1982 and during February, 1982.
Tiffany Promotions, Inc. (Tiffany) and Sam Glass, president, move pursuant to CPLR 3017 (subd [b]) for a declaratory judgment on the issue: Whether ABC (on its “Wide World of Sports”) or CBS (on its “Saturday Sports”) has the exclusive right to telecast, on January 23, 1982, the first scheduled exhibition between Cooney and Bugner to take place at Westbury Music Fair and be videotaped on January 22, 1982. Gerry Cooney is ranked No. 1 heavyweight contender by the World Boxing Council (WBC) and the World Boxing Association (WBA) and is scheduled for a title bout with WBC heavyweight champion Larry Holmes on March 15, 1982 in Las Vegas, Nevada. Joe Bugner is a former Britsh and European heavyweight champion.
C. FACTS
Heretofore, dated September 21,1981, CBS and Tiffany, who signed separately on or about October 9 and 27, 1981, entered into a contract which gave CBS an exclusive license to televise a 10-round heavyweight fight between Gerry Cooney and an unnamed opponent (The Event) to be held on December 5, 1981.
Thereafter, on October 27, 1981, together with the executed agreement, CBS agreed to Bugner, former British and European heavyweight champion as Cooney’s opponent.
Later, November 16, 1981, The Event was canceled because of back injury to Cooney.
*573 Thereafter, on December 11,1981, ABC began negotiating with Glass for the broadcast rights to Cooney’s boxing exhibitions. This exhibition bout to occur on January 22, 1982 will consist of Cooney sparring for four rounds with Joe Bugner, then for three rounds with two other fighters, as set forth in an agreement dated December 31, 1981 and accepted by Glass by letter dated January 11, 1982 to be broadcast by ABC on its Wide World of Sports on January 23, 1982.
Pursuant to the agreement between CBS and Tiffany Productions, Inc., CBS was granted an exclusive license to broadcast The Event as defined in paragraph 1: “1. event site: 10 Round Heavyweight Fight — Gerry Cooney vs. one of the following opponents: Marty Monroe, Franco Thomas, Eddie “Animal” Lopez, or some other opponent selected by Licensor (subject to CBS’ approval). Site to be Caesar’s Palace, Las Vegas, Nevada.”
Cancellation of said broadcast had to be made pursuant to paragraph 21, which provides: “21. If CBS’ broadcast, if live, or the television program coverage of the Event is prevented or omitted in its entirety because of act of God; inevitable accident; fire; lockout, strike or other labor dispute; riot or civil commotion; act of public enemy; enactment, rule, order or act of any government or governmental instrumentality (whether federal, state, local or foreign); failure of technical facilities; failure or delay of transportation facilities; illness or incapacity of any Event participant named in this Agreement; or the recapture of the then scheduled original network broadcast time period of the Event, if live, for the purpose of broadcasting a matter of public importance; or other cause of a similar or different nature beyond CBS’ control; or if for any reason beyond Licensor’s control (including without being limited to adverse weather conditions) the Event is not held on the scheduled Date, Licensor shall immediately notify CBS of the rescheduled Date(s) of the Event, if any, and CBS at its sole election shall have the right either (i) to require Licensor to produce television program coverage of the Event for CBS on such Date(s) pursuant to the terms and conditions hereof or (ii) to terminate this Agreement with respect to such Event if the Event cannot be rescheduled or *574 if such rescheduled Date(s) is/are not in accordance with CBS broadcast requirements as solely determined by CBS, in which event CBS shall not be obligated to pay Licensor the applicable Fee with respect to such Event as set forth in paragraph II hereof, and Licensor shall immediately refund to CBS any monies paid hereunder with respect to such Event.”
The contract dated December 31,1981 between ABC and Tiffany clearly states it applies to “acquisition of exclusive television acquisition rights” as specified in subject agreements.
“(a) The Boxing Exhibition which will take place in Westbury, New York on January 22, 1982 (“Westbury Exhibition”) which will consist of one 4-round fight between Gerry Cooney and Joe Bugner and two 3-round fights between Gerry Cooney and opponents to be selected by you. The total rights fee for all rights granted to the Westbury Exhibition is $40,000.
“(b) The boxing exhibition between Gerry Cooney and Joe Bugner as well as other opponents selected by you, which is scheduled to take place on January 30, 1982 in Las Vegas, Nevada at Caesar’s Palace (The “Las Vegas Exhibition”), provided however, that in the event we are unable to obtain a basic clean feed from HBO upon terms which are satisfactory to us, we shall have no obligation to pay you any rights fees described below. The total rights fees for all exclusive rights granted to the Las Vegas Exhibition is $15,000. In the event we elect to actually broadcast our coverage of this exhibition we agree to pay you the additional sum of $15,000.”
D. parties’ contentions
In support of its CPLR 6301 motion, CBS contends that pursuant to paragraph 21 of its agreement, CBS was entitled to immediate notification of any rescheduling of a Cooney-Bugner bout; the right to renegotiate holding The Event before any other network; that CBS will suffer irreparable injury by the loss of prefight publicity that cannot be recouped.
In opposition, ABC submits that it has contracted to televise an exhibition not a fight; that a four-round exhibí *575 tion is a distinctly different entity from The Event, a 10-round fight to a decision, which is the subject of CBS/Glass agreement; participation by Cooney on exhibitions was originally contemplated by the parties to the agreement at time of execution but the words “or boxing exhibition” were excised by Glass; that Glass offered said exhibition rights to CBS between December 5 to 11, 1981 and CBS refused them; that ABC’s credibility and prestige will suffer irreparable harm if the telecast is enjoined since the promotional campaign has already commenced and cannot be canceled; that ABC had no knowledge of the agreement when it began negotiating with Glass.
In support of its CPLR 3017 (subd [b]) motion for declaratory judgment, Tiffany submits CBS did not want to televise Cooney exhibition bouts; that CBS had no contractual rights to televise the exhibitions; that subject exhibition is a distinguishable entity from The Event of the CBS/Glass agreement indicated in part by the greatly reduced fee paid by the network ($40,000 for exhibition, $400,000 for fight); that Tiffany and Glass have dealt in good faith with all the parties.
E. APPLICABLE LAW & FACTS
In order to obtain the drastic remedy of a preliminary injunction movant must show a clear right to such relief by demonstrating (1) a reasonable likelihood of success on the merits; (2) irreparable injury absent such relief; and (3) that the balance of the equities lies in its favor. (Gulf & Western Corp. v New York Times Co., 81 AD2d 772; Chrysler Corp. v Fedders Corp., 63 AD2d 567; Albini v Solork Assoc., 37 AD2d 835.)
The court takes judicial notice, a 10-round “fight” results in a decision, said decision becomes a part of the fighters “won/lost” record (see The Ring Boxing Encyclopedia and Record Book) thereby determining his rank, all rounds are scored; the fight is held under the aegis of boxing regulatory agencies (i.e., New York State Athletic Commission), the contestants wear eight-ounce regular boxing gloves and no head gear.
In contrast, in an “exhibition,” there is no scoring; no decision of a winner or loser; the contestants wear protec *576 tive head gear and oversized 16-ounce gloves; and the rules of boxing regulatory agencies do not govern.
It would appear, after motional argument and review of all submitted papers, CBS has failed to adequately show its clear right to injunctive relief by demonstrating a likelihood of ultimate success upon the merits. Thus, it is unnecessary to consider the issues, under the above-cited Gulf & Western, Chrysler Corp., and Albini cases (supra), of irreparable injury and the balancing of the equities.
The subject agreement, drafted by CBS and its experienced counsel, defined, in paragraph 1 thereunder, The Event as a “10-Round Heavyweight Fight” (emphasis added). It is clear from both arguments, submissions herein and subject agreement that a “Fight” is clearly distinguishable from an “Exhibition” and was so reasonably intended by the parties thereto (see Madison Sq. Garden Corp. v Braddock, 90 F2d 924, 925; Rowe v Great Atlantic & Pacific Tea Co., 46 NY2d 62, 69).
In addition, said agreement’s paragraph 3 originally read: “3. It is agreed that Gerry Cooney (and his opponent to be selected by licensor and subject to CBS’ approval) shall not engage in any fight or boxing exhibition between the date hereof”. Thereafter, ón or about October 9, 1981, Tiffany upon execution of said agreement deleted from paragraph 3 above, the words “or boxing exhibition” and so explicitly indicated in its covering letter of like date to CBS Sports Inc.’s Director of Business Affairs, Melvin R. Red-dick, who executed said agreement, over two weeks later, on or about October27,1981, without comment, reservation or dissent, in its return covering letter of like date. Putting aside Tiffany’s president’s apparently uncontroverted claims that thereafter, during December 5 to 11,1981[2] the defendant (Sam Glass) spoke with CBS’ said Sports Director of Business Affairs about a Cooney pretitle bout boxing exhibition without any response or interest shown, this court must assume that CBS’ Sports Director of Business Affairs knows the difference between a “Fight” and an “Exhibition”
*577 F. CONCLUSION
Accordingly, CBS’ CPLR 6301 motion for a preliminary injunction is denied and the Tiffany-Glass CPLR 3017 (subd [b]) motion for a declaratory judgment is granted in accordance with the foregoing.

. On January 19, 1982, the January 22, 1982 Cooney-Bugner exhibition was postponed due to Cooney’s injury, with a current attempt to reschedule same on January 30, 1982 in Las Vegas, Nevada, upon the same terms and conditions, including ABC’s alleged right to telecast same. Thus, according to counsel for CBS, ABC, Tiffany and Glass, all above motions are still outstanding and decisions requested.

. This was after the November 16, 1981 cancellation of the originally scheduled Cooney-Bugner fight under subject agreement.