OPINION OF THE COURT
Richard Lee Price, J.
Motion by plaintiffs for a preliminary injunction restraining the landlord from evicting them because of their marital status is granted.
Plaintiffs commenced this action for injunctive relief and damages based upon alleged discriminatory action of the landlord.
Plaintiff Munroe executed a one-year lease to occupy apartment No. 3 at 344 East 76th Street, New York, New York, at a rental of $446.60 per month, commencing January 1,1981 and ending December 31,1981. Paragraph 1 of the lease contains the following provision as to use: “only a party signing this lease and the spouse and children of that party may use the apartment.”
In March, 1981, plaintiff McDonald, a male not married to plaintiff Munroe, moved into the apartment. In August, 1981, the landlord served a “Notice to Cure”, notifying the tenant that she was in violation of her lease because the *156 person sharing her apartment was not a member of her immediate family. The defendant gave Munroe 10 days from the date of the notice to cure the default.
Plaintiffs contend that the landlord is discriminating against them because they are unmarried and living together and, further, that the landlord discriminates by his policy of renting apartments to single persons only, in violation of section 296 of the Executive Law. Section 296 (subd. 5, par [a]) of the Executive Law provides:
“It shall be an unlawful discrimination practice for the owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof:
“(1) To refuse to sell, rent, lease or otherwise to deny to or withhold from any person or group of persons such a housing accommodation because of the race, creed, color, national origin, sex, or disability or marital status of such person or persons.
“(2) To discriminate against any person because of his race, creed, color, national origin, sex, or disability or marital status in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or”.
“Marital status” was made a part of subdivision 5 of section 296 of the Executive Law by section 10 of chapter 803 of the Laws of 1975, and was effective on the 60th day after August 9, 1975.
The landlord argues that there was no refusal to sell, rent, or lease the premises to plaintiffs, thus, no violation of the statute has occurred. The landlord concedes that had the tenant and McDonald approached it initially to rent the premises, although unmarried, it would have been discriminatory to refuse to rent to them solely because they are unmarried. The landlord also argues that since the Administrative Code of the City of New York requires that each person in an apartment in a multiple dwelling have a livable space not less than 80 square feet, a violation occurs by the occupancy of both plaintiffs. The landlord computes the livable area as 126 square feet.
*157 The first argument of the landlord is without merit because section 296 (subd 5, par [a], cl [1]) of the Executive Law provides in addition to refusals “to sell, rent, [or] lease” the language “or otherwise to deny to or withhold from any person”.
As has been previously stated, defendant, in August, 1981, served a “Notice to Cure” on the plaintiff Munroe for allowing plaintiff McDonald to live in her apartment. Plaintiff Munroe’s lease expired on December 31,1981 and defendant has not offered a renewal.
Clearly, this refusal by the defendant to renew plaintiff Munroe’s lease and service by the defendant of a “Notice to Cure” on the basis of McDonald’s occupancy, come within the additional language of section 296 (subd 5, par [a], cl [1]) of the Executive Law. This court finds that the recently promulgated human rights legislation would be meaningless if a landlord could, although prohibited from refusing to discriminatorily sell, rent, or lease, thereafter serve a “Notice to Cure” or fail to renew a lease on the same prohibited discriminatory basis.
A preliminary injunction may be granted upon a showing of likelihood of ultimate success on the merits, a balancing of the equities and irreparable injury if the relief is not granted (Albini v Solork Assoc., 37 AD2d 835).
The Appellate Division, First Department, has recently affirmed the principle that landlords cannot evict unmarried couples who are living together strictly on the basis of marital status. (Hudson View Props, v Weiss, 86 AD2d 803.) Accordingly, plaintiffs have demonstrated a likelihood of ultimate success on the merits and other elements required for the issuance of a preliminary injunction.
The defendant’s second argument, concerning a purported violation of an overcrowding provision of section D26-33.03 of the Administrative Code of the City of New York, is also rejected as without merit.
It is well established that private parties may not bring a proceeding to oust an occupant in possession in the absence of a finding of fact by an agency or department of the City of New York charged with enforcement of a particular law. (Widamo Estates v McCoy, NYLJ, April 11,1969, p 17, col 6 [Marks, J.].)
*158 The Administrative Code contains no provision permitting enforcement of its terms by private persons. The landlord in this action will not be allowed to use a possible technical violation of a building or housing code of this city to circumvent the purpose of necessary human rights legislation.
The plaintiffs contention that the landlord, by its purported “singles only” policy, further violates the Human Rights Law is not reached by this court on this motion. The court does note, however, that upon suit by proper parties, a clearly demonstrated “singles only” policy may necessitate a finding of a violation as contemplated by section 296 of the Executive Law.
Accordingly, injunctive relief pending trial is granted. Plaintiffs shall continue to pay rent and, additionally, post an undertaking of $4,000.