■ GENICHIRO KONISHI, Appellant, v POR KUNG LIN, Respondent. — In an action for a permanent injunction, plaintiff appeals from an order of the Supreme Court, Queens County (Calabretta, J.), dated January 25, 1982, which denied his motion for a preliminary injunction. Order modified by adding to the last paragraph thereof, after the word "denied", the following: "except that the motion is granted to the extent that the parties are to resume their practice in accordance with the respective schedule of office hours which existed prior to the dispute between the parties." As so modified, order affirmed, without costs or disbursements. Plaintiff has established that if defendant is not enjoined from interfering with plaintiff's use of the College Point office, he will suffer irreparable injury by the loss of patients and damage to his reputation. Further, he has shown that he has a valid interest in the subject premises and may prevail on the merits. In balancing the equities, it is apparent that if relief is granted, defendant will suffer no prejudice or inconvenience, while denial of such relief will cause plaintiff substantial and irreparable harm. Since there is no adequate relief at law, plaintiff is entitled to the aforesaid equitable relief (see *Albini v Solork Assoc.*, 37 AD2d 835). We have considered plaintiff's other contentions and find them to be without merit. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.

■ JOHN F. McDERMOTT, Respondent, v MAUREEN McDERMOTT, Appellant. — In a matrimonial action, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Jones, J.), dated February 23, 1981, which, *inter alia,* granted the plaintiff a divorce on the ground of cruel and inhuman treatment, dismissed the defendant's counterclaims for the imposition of constructive trusts on the proceeds from the sale of the marital residence and on the sums originally held in certain credit union accounts, awarded the defendant $180 per week in child support and denied the defendant counsel fees. Judgment modified by deleting the fourth decretal paragraph thereof, and reinstating the defendant's fourth counterclaim. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. The defendant wife unsuccessfully sought to impose a constructive trust on half of the contents of joint credit union accounts which had been closed by the plaintiff husband. We do not agree with the trial court's resolution of this claim. The husband admitted that a portion of the funds came from the sale of a jointly held asset. While claiming that the remainder of the funds was accumulated solely through his earnings, he admitted that the wife's salary was used for joint household expenses. The wife testified that her husband had promised that the savings would be hers too. We find that the elements of a constructive trust were proved by the wife and we remit the matter to Special Term so that her share of the funds appropriated by the husband can be determined. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.