OPINION OF THE COURT
Martin Evans, J.
This motion for Yellowstone injunctive relief yet again tests the scope of the new statute intended as its legislative substitute. (See First Nat. Stores v Yellowstone Shopping Center, 21 NY2d 630; RPAPL 753, subd 4; Schuller v D’Angelo, 117 Misc 2d 528.)
The dispute between the parties is typical of those which arise in the wake of an apartment building’s conversion to cooperative ownership. Defendant movants are nonpurchasing rent-controlled tenants who have elected to retain their status and protection under the rent laws. Plaintiffs are fee owners and proprietary lessees of the apartment in which defendants continue to reside. Plaintiffs seek to install new windows, and assert the right to enter the *25 apartments to perform the installation and alteration work. Defendants have denied plaintiffs access. Plaintiffs assert that the existing windows and frames are so badly deteriorated that their repair would be unsatisfactory and far more costly than the planned replacement. Defendants claim that replacement is not only unnecessary, but ill-conceived; they fear not only the additional passed-on expense, but the additional anticipated cost of drapery, Venetian blinds, furnishing and air-conditioner replacement. They further claim that the projected alterations will breach their warranties of habitability and will impermissibly alter essential services under the rent laws, including the availability of existing kitchen exhaust fans and window sills which, they claim, will be incompatible with the new windows.
Plaintiffs commenced the underlying actions for money damages and declaratory relief against defendant tenants in the Supreme Court. Only thereafter, plaintiffs served notices to cure alleged violations of sections 52 and 53 of the New York City Rent and Eviction Regulations, viz., the tenants’ failure to afford plaintiffs access to make what are claimed to be necessary repairs and improvements required by law. Service of the notice to cure is, of course, a prerequisite to the commencement of a summary holdover proceeding. These three tenants, joined by 28 other non-purchasing rent-controlled and rent-stabilized tenants, also commenced a separate action seeking, inter alia, declaratory relief on the same issues.
The defendant tenants’ motions for Yellowstone injunctions are granted. Plaintiffs should be estopped from opposing the relief requested for two different reasons. First, the same relief was previously sought before this court by another tenant, and opposed by plaintiffs, on substantially similar papers. The court granted an injunction tolling the cure period and staying the commencement of summary proceedings. (W.T. Assoc. v Green, July 26, 1983, M. Evans, J.)
Second, plaintiffs themselves having initiated the declaratory judgment actions in this court, have chosen to litigate the issues here. Having by their own action chosen the Supreme Court as the appropriate forum, plaintiffs *26 cannot complain when the tenants agree with their choice. There is no reason why tenants need fear litigating essentially the same issues in two different courts.
The relief sought is appropriate for another reason not heretofore considered by any court. RPAPL 753 (as amd in 1982), is inapplicable to summary proceedings not based on lease breaches. While its automatic 10-day postjudgment cure period was intended to obviate the need for Yellowstone-type relief, an injunction should issue where the statutory relief is inapplicable or insufficient, and where injunctive relief is otherwise appropriate. (See Schuller v D’Angelo, supra.) For example, since RPAPL 753 is limited to “premises in the city of New York occupied for dwelling purposes” it does not bar a tenant from seeking a Yellowstone injunction where the landlord claims that an exclusive commercial use is a lease violation. (See Freeman v 862 Park Ave. Corp., NYLJ, Dec. 21, 1983, p 6, col 2, Evans, J. [doctors’ offices in residential cooperative; substantial evidence of landlord’s waiver of alleged breach].)
The mandatory 10-day postjudgment stay of RPAPL 753 (subd 4) applies, by its own terms, to a proceeding “based upon a claim that the tenant or lessee has breached a provision of the lease”. Whether by design or inadvertence, the mandatory stay provision is apparently inapplicable to proceedings, such as those at bar, based on claimed violations of statute or regulation. The defendants here are statutory tenants protected by the rent control laws. These tenants do not hold leases, and, accordingly, they are unprotected by the new statute. They thus continue to require the protections of Yellowstone relief.
This court cannot now finally determine the affirmative claims of either side. While some of the tenants’ claimed damages seem insufficient to merit the granting of injunctive relief under traditional standards (see, e.g., Albini v Solork Assoc., 37 AD2d 835), the overriding threat of forfeiture of the tenants’ homes if they are incorrect in their legal positions, should be deemed equivalent to the proof of irreparable harm ordinarily required. (See Oliver v 434 East 58th St. Assoc., NYLJ, Aug. 4, 1982, p 7, col 1, Sklar, J.) Moreover, plaintiffs, while not unreasonable in *27 seeking to make apparently needed repairs, have not adequately demonstrated either that the specific changes proposed are required by law, or consequently that the tenants’ refusal of access is a violation of law as claimed, or that the proposed work will not impermissibly infringe on the tenants’ rights.
On the record before the court, a balancing of the equities does not clearly favor either side. It does dictate that, pending trial in this court, the status quo be preserved. There are only two other alternatives: First, the tenants could passively await the onset of a summary proceeding. The issues at bar could be litigated in the Civil Court, perhaps more expeditiously, than in this court. Without injunctive relief, however, if the tenants lose, they will lose their homes as well as their cases. Second, the tenants could accede to the alterations, and seek money damages later. Not only would their entitlement to damages be speculative; they would be waiving their right to seek prospective anticipatory review of their position, i.e., that the landlord’s proposal is unrequired, ill-advised and improper. Neither alternative is equitable under the circumstances. Implicit in Yellowstone is the tenant’s right, upon an appropriate showing, to pre-emptively test an alleged breach without wagering the forfeiture of his tenancy.
The tenants’ motions for preliminary injunctions are accordingly granted.
The court, on its own motion, directs the consolidation of the within three actions, the other actions pending on the issue against other tenants, and the tenants’ action for declaratory relief on this issue. Any summary judgment proceedings pending in the Civil Court on this issue shall also be removed and consolidated. In the interest of all parties and the court, the injunction issued shall apply to all residential tenants, and all claims involving the propriety of the proposed window work shall be tried in one action in this court.
Settle one order, providing for removal if necessary, consolidation and assignment to the appropriate calendar for an immediate trial.