OPINION OF THE COURT
Barry Salman, J.
In this CPLR article 78 proceeding petitioners seek a temporary restraining order enjoining the respondents from naming and dedicating a 3.2-acre site across from the Fordham University Campus, on Fordham Road bound by Washington Avenue to the east, East 189th Street to the south, and Third Avenue to the west, formerly known as "Fordham Plaza” and now dedicated and named the "Evelina Antonetty Mall and Park” and that such proclamations, Legislature acts, and/or personal acts and actions be declared annulled, vacated and void on the grounds that the acts and actions of the respondents are arbitrary and capricious and were calculated and designed to destroy Evelina Antonetty’s memory, reputation and good name, who all of her natural life acted as a humanitarian and social worker and sought to aid the underprivileged to rise above the poverty level and to inspire them in a cultural and educational manner to achieve their utmost potential through educational and self-help.
Respondent Vincent Tese, as Chairperson of the Board of Directors and Chief Executive Officer of the New York State Urban Development Corporation (U.D.C.), cross-moves for an order dismissing the petition upon the grounds that the petitioners lack standing to bring this proceeding and the petition fails to state a claim for relief. Respondent Mario Cuomo, as Governor of the State of New York, cross-moves for an order dismissing him as an unnecessary and improper party to this action and dismissing the petition on the grounds that this court lacks jurisdiction over the subject matter of the action and the petition fails to state a cause of action.
The within proceeding arises out of the State Urban Development Corporation dedicating the Fordham Plaza Mall as the "Evelina Antonetty Mall and Park”. The Fordham Plaza project was undertaken by the State and City of New York to revitalize the shopping district located on Fordham Road in The Bronx.
Before addressing the several issues raised by the parties a brief background of the deceased is in order. Evelina Lopez Antonetty was a native of Salinas, Puerto Rico, and her family moved to New York when she was nine years old. *1043 Thereafter she married and moved to Bronx County. While a Bronx resident she was active in school and in community affairs. In 1965, Mrs. Antonetty formed United Bronx Parents and was its executive director until her death on November 19, 1984. During her lifetime she was recognized for her community activity and was a member of the New York Urban Coalition. She was awarded the honor of Doctor of Humane Letters by Manhattan College. Upon her death, various honors and resolutions were given in her honor, i.e., State of New York Legislative Resolution No. 1639, adopted in the State Senate on December 6, 1984; National Conference of Puerto Rican Women, in Memory (Mar. 22, 1985); Black and Puerto Rican Legislative Caucus (Feb. 17, 1985); Bronx Head-start Directors, In Loving Memory (May 17, 1985). In June 1985, Governor Cuomo issued a citation recognizing the work of Evelina Antonetty. In his citation, Governor Cuomo stated in pertinent part as follows:
"Evelina has left us the legacy of a woman who believed that all children have a right to equal education and that parents are the guardians of those rights.
"Evelina was the personification of dedication, and her spirit will live on because of her services to the community she loved, her warmth, her humanity, and her sincerity.
"Her death is not only a great loss to all who knew and admired her.
"Now, therefore, I Mario M. Cuomo, Governor of the State of New York, have asked that the Urban Development Corporation rename Fordham Plaza Mall and the adjacent Park”.
"THE EVELINA ANTONETTY PLAZA”
This citation and the renaming of the Fordham Plaza Mall and adjacent park in honor of Evelina Antonetty precipitated a response from her husband, Donato Antonetty. By letter dated June 24, 1985, Mr. Antonetty rejected the honor proposed in the Governor’s citations of renaming the Fordham Plaza Mall and adjacent park. The reason for rejecting the honor was because the purpose of the mall is not relevant to the important and unforgettable legacy left to the city by the death of his wife. In response to his letter Vincent Tese, the Chairman of the Board and Chief Executive Officer of the New York State Urban Development Corporation, responded by letter dated August 7, 1985 indicating that he was sensitive to Mr. Antonetty’s wishes but that the dedication of Fordham *1044 Plaza to the memory of his wife was an appropriate recognition of her service to the community. On August 8, 1985, Mr. Antonetty wrote to Mr. Tese and again rejected the honor for his wife. On that day, the Fordham Plaza topping out ceremony was conducted at the Fordham Plaza with the Governor, Mayor, the Bronx Borough President present and the Governor pointed out that the U.D.C. dedicated the public areas of the project to the memory of Dr. Evelina Lopez Antonetty.
By order to show cause dated August 30, 1985, petitioners instituted this proceeding to annul and vacate the naming and dedicating of the Fordham Plaza on the Evelina Antonetty Mall and Park. Petitioners are the administrators of the estate of Evelina Antonetty, her surviving husband, her son Donald Joseph Antonetty, and her daughter Anita Eve Antonetty. It appears that a daughter of Mrs. Antonetty supports the naming of the Plaza after her mother. She in fact participated at the ceremony and was quoted to say "No words would be adequate to describe the honor you have given my mother, her family and her community. I believe that this is the first time a major site in the Bronx, in New York City, in New York State and probably in the nation has been named after a Puerto Rican woman.”
Addressing the cross motion by respondent Cuomo to drop him as a party respondent since he is not a necessary or proper party respondent petitioners assert that the issuance of the proclamation by Governor Cuomo on June 5, 1985 requested and suggested to U.D.C. that the Fordham Plaza Mall and adjacent park be named and dedicated in honor of Evelina Antonetty was in fact a directive and order of the Governor.
It is conceded that the Governor may request and suggest that the U.D.C. dedicate property to a particular individual but the power to name property which it owns lies with U.D.C. The Governor, it is argued is not empowered to name or rescind the naming of U.D.C. property. The U.D.C. is a public benefit corporation which enjoys an existence separate and apart from the Governor. (See, Collins v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 361 [1984].) Thus, the Governor could not grant the relief sought by petitioners and he is not a proper party to this action.
Further, respondent, Governor Cuomo, maintains that his request to dedicate the Fordham site to Evelina Antonetty was done in his official capacity. In the performance of his *1045 executive powers, it is argued, that the Governor is free from judicial control and that acts performed in his official capacity are deemed to be outside the scope of judicial review.
It is apparent from the petition that petitioners firmly believe that Governor Cuomo was the driving force in having the U.D.C. name the Fordham Plaza in honor and memory of Evelina Antonetty. Though this is clear from the petition, the legal basis for joining the Governor as a respondent is suspect. The court is not naive to realize that the Governor of the State of New York has some influence over the appointed Chairman of the U.D.C. However, this factor alone is insufficient to make a claim against the Governor who has no legal authority to rescind the naming and dedication of U.D.C. property. The Governor therefore is not a proper party to this action. Further, the Governor’s request to U.D.C. to name a piece of property was done in the performance of his executive powers and such acts performed in his official capacity are outside the scope of judicial review. (See, Gaynor v Rockefeller, 21 AD2d 92, affd 15 NY2d 120 [1965].) Accordingly, the petition is improperly brought against Governor Cuomo and is hereby dismissed as to him.
This cross motion by U.D.C. challenges the legal sufficiency of the petition. Petitioners seek injunctive relief against officials of the State who have dedicated a piece of property that allegedly damages the reputation of the deceased wife and mother of the plaintiffs. Respondent U.D.C., by cross motion, contends that the petition fails to state a claim cognizable under CPLR 7803. Petitioners allege that respondents’ act, naming a part of a commercial or business property in honor of Evelina Antonetty, was arbitrary and capricious. This allegation is based on the life work of the deceased and her long-standing relationship with the poor and not the commercial or business community of Bronx County. It appears that this contention is without foundation. It must be noted that Mrs. Antonetty in her attempt to better the plight of those in need, especially the children, sought to rally all aspects of the community. She worked closely with the parents, local officials, community leaders and the business community. Nowhere in the four corners of the petition are facts alleged or have any documents been submitted to show that the respondents acted arbitrarily or capriciously or in an illegal manner which would be subject to judicial review pursuant to an article 78 proceeding (see, Roberts v Pollack, 92 AD2d 440, 443-444 [1st Dept 1983]). Petitioners’ sole assertion is made in *1046 their memorandum of law which asserts that the acts and actions of the respondents in their selection process of Dr. Evelina Antonetty is subject to judicial review. This naked assertion has not been alleged or shown to be improper except in their claim to dishonor her memory.
This later argument gives rise to the question whether a relative or living descendant of a person has a right to bring an action for defamation of a deceased person. Petitioner’s concede that at common law a cause of action for violation of the right of privacy is not cognizable in this State citing Roberson v Rochester Folding Box Co. (171 NY 538). Such a right exists solely by virtue of the statutory provisions of Civil Rights Law §§ 50 and 51. The sections provide, inter alia, that a person’s name cannot be used for advertising or trade purposes without the person’s consent. Petitioners urge the court to give a liberal construction to the statutory language in accord with its purposes (Spahn v Julian Messner, Inc., 18 NY2d 324, appeal dismissed 393 US 1046).
The statutory right created by Civil Rights Law § 51 does not survive death. (See, Schumann v Loew’s, Inc., 144 NYS2d 27; also, Meeropol v Nizer, 381 F Supp 29, 37, petition denied 508 F2d 837, affd 560 F2d 1061 [2d Cir 1977], cert denied 434 US 1013.) The fact that petitioners share the Antonetty name does not require a contrary result. The use of the family name in itself is not actionable unless it coincides completely and accurately with the offended party and singles out such person and points to him. In this instance the property dedicated to Antonetty is on public land and not intended or to be used for commercial trade purposes.
Petitioners further contend the naming of the real property owned by U.D.C. at Fordham Plaza to Dr. Evelina Antonetty constituted a defamation to the name of the deceased, her husband, son and daughter. The defamation asserted is that the Antonetty name and reputation have been held up to scorn, ridicule and defamation by the naming of the public lands in honor of Antonetty. The predicate for the defamation claim is the naming of the real property by U.D.C. in honor of Dr. Evelina Antonetty.
Respondents oppose this assertion on the grounds that a defamation claim cannot be asserted on behalf of a deceased person citing Meeropol v Nizer (supra). Moreover, the language complained of by petitioners is not reasonably capable of a defamatory meaning. It is asserted that the language in *1047 dispute does not tend to expose Dr. Antonetty to hatred, contempt or aversion or to induce an evil or unsavory opinion of her in the minds of a substantial number in the community.
Further, the language involved is the name Dr. Evelina Antonetty and one cannot ascribe a defamatory meaning to her name in association with Fordham Plaza.
Patently, the defamatory claim is based upon injury to petitioners’ reputations and that of the deceased. In such situation the court is required at the outset to determine whether the language complained of is capable of bearing a defamatory meaning and is capable of the meaning petitioners ascribed to it. (See, Tracy v Newsday, Inc., 5 NY2d 134 [Ct App 1959].) In reviewing the language complained of, the court is required to decide whether it tends to expose a person to hatred, contempt or aversion or to induce an evil or unsavory opinion of him in the minds of a substantial number in the community (Nichols v Item Publishers, 309 NY 596, 600-601 [1956]). The language involved is the name of Dr. Evelina Antonetty, who is recognized by both sides to deserve the highest honor and public respect. There can be no defamation claim for the use of her name. Moreover, the naked allegations that the defamation arose when the name was used in conjunction with Fordham Plaza cannot be sustained. The court cannot ascribe a defamatory meaning to the association of Dr. Antonetty’s name with Fordham Plaza. It is apparent to the court that the use of her name was an attempt to honor and preserve her name and to be an inspiration to all the diverse ethnic groups in the Borough of The Bronx.
Another contention made by respondents is the standing of petitioners to bring this proceeding. The standing of petitioners is based on three criteria: (a) whether petitioners’ interest asserted is within the "zone of interest” which is protected by the statutory or constitutional provisions sought to be enforced; (b) whether the challenged governmental action has a harmful effect on the complaining party; and (c) whether there is a legislative intent to preclude review. (See, Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 443-444 [Ct App 1983].) Also, a request for specific monetary damage is required. Though petitioners have not been able to show that the challenged governmental action has a harmful effect on them the court concludes the petitioners had standing to bring this proceeding.
*1048 In reviewing this matter the court is limited in its judicial review function. It is well settled that the court in an article 78 proceeding involving administrative or government acts may not substitute its judgment for that of the governmental entity whose action is being reviewed. The determination or action under review must be sustained where there exists any rational basis for the action. Clearly, the Chairman of the U.D.C. under statutory authority had the right to dedicate the public land at Fordham Plaza in honor of Dr. Evelina Antonetty. Such action cannot be said to lack a rational basis and this court will not substitute its judgment for that of the U.D.C. Chairman.
Finally, petitioners requested a preliminary injunction prohibiting respondents from further implementing the dedication and erecting a memorial by a plaque at the Fordham Plaza Mall and the adjacent park to honor Dr. Evelina Antonetty. Based upon the court’s determination on the various claims asserted, injunctive relief is not warranted and denied. Moreover, petitioners fail to meet the three-prong criteria for the granting of such relief. (Albini v Solork Assoc., 37 AD2d 835.) Petitioners have not shown and apparently cannot show a clear right to the relief; nor have petitioners shown irreparable harm or injury in the absence of granting same; and a balancing of the equities in their favor.
Accordingly, the application by petitioners is hereby denied and the petition is dismissed.