■ RONALD WINSTON et al., Appellants, v VILLAGE OF SCARSDALE, Respondent, et al., Defendant.—In an action to permanently enjoin the defendants from conveying certain real property located in the Village of Scarsdale, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered March 14, 1986, which denied their application for a preliminary injunction.

Order reversed, on the law and the facts, without costs or disbursements, application for a preliminary injunction granted, and the Village of Scarsdale, its agents, servants and employees are preliminarily enjoined from conveying the real property conveyed to it by Harry Winston by deeds dated December 1, 1972, December 30, 1974, and December 30, 1975, upon condition that the plaintiffs file in the office of the Clerk of the Supreme Court, Westchester County, an undertaking with corporate surety pursuant to CPLR 6312 (b), and serve a

copy of the same upon the defendants. The matter is remitted to the Supreme Court, Westchester County, for the purpose of setting the amount of the undertaking and the time within which the plaintiffs shall be required to file the undertaking.

By deeds executed in 1972, 1974 and 1975, the plaintiffs' father, the late Harry Winston, conveyed approximately 16 acres of his 32-acre estate to the Village of Scarsdale. Each of the deeds stated that the land was being conveyed "in consideration of [Winston's] interest in improving and enhancing the good and welfare of the Village". The Village Board adopted a resolution whereby they accepted the entire 32-acre estate, which Winston indicated he intended to donate to the village, with an initial gift of eight acres and issued a press release detailing the transaction. Both of these documents, which were approved by Winston, spoke of Winston's desire and the village's intention to use the land for park, recreational, or educational purposes. The additional 16 acres which Winston intended to donate were in fact never conveyed to the village.

The plaintiffs now seek to enjoin the defendants from privately selling the 16 acres previously conveyed by Harry Winston on the ground that the land was dedicated for public use and the village must seek legislative authority before privately conveying it.

A party moving for a preliminary injunction must establish (1) the likelihood of success on the merits, (2) irreparable injury to him absent the granting of the preliminary injunction, and (3) a balancing of the equities (see, Grant Co. v Srogi, 52 NY2d 496; Albini v Solork Assoc., 37 AD2d 835).

On the record herein, the plaintiffs have met the requirements for the issuance of a preliminary injunction and Special Term erred in refusing to grant the requested relief. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.