In the Matter of UPSET, INC., Petitioner, v PUBLIC SERVICE COMMISSION, Respondent, and POWER AUTHORITY OF THE STATE OF NEW YORK, Intervenor-Respondent.

Third Department, May 5, 1977

*Mahlon T. Clements* for petitioner.

*Peter H. Schiff (Howard A. Jack* and *Saul M. Abrams* of counsel), for respondent.

*Scott B. Lilly (John R. Davison* and *Francis X. Wallace* of counsel), for intervenor-respondent.

HERLIHY, J. In September, 1973, the Power Authority of the State of New York (PASNY) applied for a certificate of environmental compatibility and public need, under article VII of the Public Service Law, authorizing the construction and operation of transmission lines to connect the facilities of the Quebec Hydro-Electric Commission (Hydro-Quebec) with certain existing facilities of the Power Authority and Niagara Mohawk Power Corporation. Specifically PASNY proposes to construct (1) a single circuit 765 kilovolt (kV) transmission line, approximately 134 miles long, to connect a proposed substation in the Town of Marcy, near Utica; (2) a single circuit 765 kV transmission line, approximately 21 miles long, between Massena and the Canadian border; and (3) a double circuit 230 kV transmission line, approximately 8 miles long, between the proposed Massena substation and the Moses switchyard.

The application led to a long series of hearings commencing December 11, 1973 before the Public Service Commission, and several recommended decisions and several orders. Original hearings, completed February 28, 1975, dealt with routing and land use impact of the proposed facilities. Also pending in 1975 was an application by Niagara Mohawk and Rochester Gas & Electric for a similar power transmission system in western New York. To avoid duplication, the PSC consolidated the two applications for the purpose of examining the health and safety ramifications of the proposed electrical lines. On February 6, 1976, the PSC granted a partial certificate of environmental compatibility and public need, authorizing PASNY to begin selective clearing of vegetation to prepare

sites and commence construction of access roads; the order also required submission of an Environmental Management and Construction Plan (EM&CP). On June 30, 1976 the PSC authorized erection of support structures and conductors, conceding that approval of the lines would not be denied.

Subsequently, by orders dated August 30, 1976, the PSC granted the parties permission to present rebuttal testimony, but denied requests for rehearing and reconsideration of the June 30 order.

The order of June 30, 1976 expressly recited in paragraph 4 thereof: "Subject to the conditions set forth in this Opinion and Order, the [PASNY] * * * is granted a certificate of environmental compatibility and public need for the construction of (a) a new 765 kV/345 kV substation * * * and (b) the 765 and 230 kV transmission facilities proposed for the [certain] locations". However, after granting the certificate of compatibility the order in paragraph 5 limits it to clearing and construction only and forbids the actual transmission of electricity; and, in paragraph 6 reserves the right to condition operation of the facilities upon various limitations related to health and safety, including the right to limit the amount of voltage which may be transmitted.

The petitioner, UPSET, Inc. (Upstate People for Safe Energy Technology) joined the proceedings before the Public Service Commission somewhat belatedly, but was made a party to the action. By prior order of this court, a motion to dismiss the petition based on UPSET's limited status was denied.

The proceeding is pursuant to article VII (§ 128) of the Public Service Law and in its reply brief petitioner states that it does not rely upon all of the errors recited in its petition and frames the issue as "procedural only".

Section 126 of the Public Service Law requires the PSC to render its decision "upon the record" and upon review in this court one ground of review as limited by subdivision 2 of section 128 of the Public Service Law is "whether the order * * * is * * * (d) made in accordance with procedures set forth in this article".

While the record establishes that the commission has come to final conclusions as to the location of the facilities and the over-all environmental compatibility of facilities utilizing transmission lines for 750 kV, without awaiting a final presentation to it of all evidence, the record does not establish a basis for a review by this court of the subject order.

Section 129 of the Public Service Law limits our *review* of an order to those situations set forth in section 128 thereof. Section 128 provides that a party must be "aggrieved" by the PSC order to obtain a review. As we construe the order of June 30, 1976, the order is not final and thus is not an order granting the application. It is a final order which is the certificate of environmental compatibility and public need referred to in section 121 of the Public Service Law and which would be reviewable pursuant to section 128.

Considering the present application for review as limited by the petitioner, the petition must be dismissed; however, in so doing there is no determination on the merits and it is without prejudice either to future proceedings to review a final order herein granting or denying the application of PASNY or to any proceeding which might nevertheless be brought within the restrictions of section 129 of the Public Service Law.

The petition should be dismissed, without costs, and without prejudice to the right of petitioner to seek review of any final decision and/or order of the commission or to seek any other relief available to it.

KOREMAN, P. J., GREENBLOTT, MAIN and LARKIN, JJ., concur.

Petition dismissed, without costs, and without prejudice to the right of petitioner to seek review of any final decision and/or order of the commission or to seek any other relief available to it.