POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent, v JERRIS C. MOELLER et al., Appellants.

Third Department, May 26, 1977

*William D. Krebs, P. C. (Stephen J. Easter* of counsel), for Jerris Moeller and others, appellants.

*The Clements Firm (Mahlon T. Clements* of counsel), for Kowarihowntani, appellant.

*Lewis R. Bennett (Vito J. Cassan* of counsel), for respondent.

KOREMAN, P. J. Plaintiff Authority is engaged in the construction of an electrical power transmission line running from the Canadian border in Franklin County, New York, to an electrical substation at Marcy, New York, and has commenced cutting and clearing operations along the northern section of the line through Franklin and St. Lawrence Counties. Opposition among residents of the area and a demonstration against the construction of the power line forced the plaintiff to halt its clearing operations, and this proceeding was commenced to prevent further interference with tree clearing and site preparation work on the right of way of the power line. A preliminary injunction was granted on December 8, 1976 enjoining the named defendants and "persons acting on their behalf" from interfering with site preparation and construction work being conducted on behalf of the Power Authority over the rights of way within Franklin and St. Lawrence Counties. The order provided that it be personally served upon any person performing or threatening to perform any of the acts enjoined. Subsequent to the issuance of the preliminary injunction, various protests occurred on the plaintiff's right of way which forced it to cease its work on several occasions. Contempt proceedings were instituted against the appellants for their actions in protesting the construction of the power line. Following trials, all of the appellants were found to have willfully violated the injunction and were

sentenced to serve 10 days in the Franklin County Jail except Georgette Lauzon and June Black, who were each sentenced to 30 days, and the appellant Kowarihowntani, who was sentenced to serve 20 days. Execution of the sentences has been stayed pending this appeal.

Initially, it is contended that the contempt proceedings are subject to dismissal for the reason that the proofs of service of the preliminary injunction failed to physically describe the person served as required by CPLR 306 (subd [b]). We find no merit to this contention since each of the appellants was actually served with the injunction and they do not claim otherwise. Furthermore, personal service of an order "is not necessary to hold a party in contempt thereof if the party has actual knowledge of that order" *(City School Dist. of City of Schenectady v Schenectady Federation of Teachers,* 49 AD2d 395, 398, mot for lv to app den 38 NY2d 820).

We next consider the argument that the injunction could only restrain the conduct of those persons named as defendants in the action in which the preliminary injunction was issued, and thus the court lacked personal jurisdiction over 9 of the 12 appellants adjudged to be in contempt of the injunction. It is, of course, true that persons who are not connected in any way with the parties to the action are not restrained by the order of the court *(State Univ. of N.Y. v Denton,* 35 AD2d 176), and the courts "may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently" of the named defendants *(Regal Knitwear Co. v Labor Bd.,* 324 US 9, 13). However, it is well settled that persons not named as defendants to an action for a permanent injunction may be bound by terms of a preliminary injunction in that action if they have knowledge of the terms of the injunction, if they are within the class of persons sought to be enjoined and if they are acting in collusion or combination with the named defendants *(Briddon v Briddon,* 229 NY 452; *People ex rel. Stearns v Marr,* 181 NY 463; *Rigas v Livingston,* 178 NY 20). It is clear from the record in the present case that the appellants were acting in combination and in collusion with the named defendants in seeking to prevent the construction of the power line; all entered the plaintiff's right of way without permission and engaged in activities designed to interfere with and disrupt the line's construction; and all continued their disruptive activities after the injunction order was personally served upon them.

As to the contention that the finding of guilt on the part of certain of the appellants was against the weight of the evidence, the proof submitted during the contempt proceedings was clear and unmistakable. Each appellant was engaged in conduct and activity in willful violation of a court's injunction. The trial court satisfied itself beyond a reasonable doubt, as we are satisfied, of the complete and willful disobedience of a lawful court mandate. Nor is there any merit to the claim that the sentences imposed on appellants John Lauzon, Georgette Lauzon, and June Black were excessive. Under the circumstances the sentences were proper and there is no showing of an abuse of discretion in the imposition of the sentences in question.

This court's recent decision in *Matter of Upset v Public Serv. Comm.* (57 AD2d 208), is not relevant and has no consequential effect as to the factual issues herein since the present appeals concern the contempt adjudications and not the validity of the underlying injunction. "[A]n order of a court must be obeyed, no matter how erroneous it may be, so long as the court is possessed of jurisdiction and its order is not void on its face" *(City School Dist. of City of Schenectady v Schenectady Federation of Teachers, supra,* p. 397).

We have examined the remaining contentions and find them lacking in any merit.

The orders should be affirmed, without costs.

GREENBLOTT, MAIN, LARKIN and HERLIHY, JJ., concur.

Orders affirmed, without costs.