■ In the Matter of ROBERT W. SIMONDS et al., Respondents-Appellants, v POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant-Respondent, and DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW YORK, Respondent. PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Intervenor-Respondent. (Proceeding No. 1.) POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent, v JERRIS C. MOELLER et al., Appellants. (Proceeding No. 2.)—Appeals and cross appeals from an order of Supreme Court at Special Term, entered August 8, 1977 in Franklin County, which, in Proceeding No.

1, converted petitioners' proceeding pursuant to CPLR article 78 into an action for declaratory and injunctive relief, granted petitioners' application for a preliminary injunction, granted the Department of Transportation's motion to dismiss the petition as to it, refused to declare certain easements of the Power Authority of the State of New York void, and, in Proceeding No. 2, denied defendants' (petitioners in Proceeding No. 1) motion to vacate an injunction previously obtained by plaintiff (defendant in Proceeding No. 1). Resolution of these appeals requires a brief review of what have been numerous and complex actions and proceedings, all arising out of the determination of the Power Authority of the State of New York (PASNY) to construct and operate approximately 155 miles of 765-kilovolt transmission line, running from the Canadian border to a substation in the Town of Marcy, near Utica. Hearings on PASNY's application for a certificate of environmental compatibility and public need, dealing with routing and land use impact of the proposed facilities, were completed on February 28, 1975. Thereafter, hearings were held for the purpose of examining the health and safety consequences, if any, of the transmission lines proposed by PASNY. Prior to the completion of those hearings, on February 6, 1976, the Public Service Commission (PSC) granted the so-called partial certificate of environmental compatibility and public need authorizing PASNY to begin selective clearing of sites and to commence construction of access roads along a portion of the proposed route. On June 30, 1976 the PSC authorized erection of support structures and conductors, conceding that approval of the transmission line would not be denied. Thereafter, residents allegedly aggrieved commenced a CPLR article 78 proceeding in Albany County to prohibit the PSC from issuing a partial certificate on the ground that such action is not authorized by the Public Service Law. While the decision of Special Term was under reservation, in September, 1976, the same petitioners commenced a proceeding in this court pursuant to section 128 of the Public Service Law seeking to review the June 30, 1976 order of the PSC authorizing construction. Before this court handed down its decision and while the proceeding at Special Term remained undecided, Proceeding No. 1 herein was commenced at Special Term, Franklin County, to prohibit PASNY from continuing the construction. Special Term reserved decision pending this court's decision in the proceeding pursuant to section 128 of the Public Service Law. Then, Special Term, Albany County, dismissed the CPLR article 78 proceeding upon the ground that review under the Public Service Law was the exclusive remedy.* On December 8, 1976 PASNY and others obtained a preliminary injunction enjoining petitioners in Proceeding No. 1 herein (defendants in Proceeding No. 2) from interfering with site preparation and construction. Protests occurred, interfering with on-going work. We affirmed contempt orders obtained below (*Power Auth. of State of*

---

* Although not briefed or argued before us, it appears that paragraph 29 of the amended petition in Proceeding No. 1 sets forth a cause of action for relief that could only be resolved by determining if Special Term had subject matter jurisdiction. It further appears that the CPLR article 78 proceeding started in Albany County stated an identical cause of action with respect to the PSC. Normally, then, the dismissal of the action against the PSC by Special Term, Albany County, in the absence of an appeal from the judgment entered thereon, would bar Proceeding No. 1 herein on collateral estoppel principles. However, since neither the PSC nor PASNY offered any oral or documentary proof below as to the similarity of the parties or the identity of the issue, we must conclude that the defense of *res judicata* or collateral estoppel has been waived.

*N. Y. v Moeller,* 57 AD2d 380). Finally, on May 5, 1977, this court decided that the PSC was without authority to issue anything but a final order *(Matter of Upset, Inc. v Public Serv. Comm.,* 57 AD2d 208). Eleven days later, on May 16, 1977, petitioners obtained a show cause order, within the context of the then undecided CPLR article 78 proceeding (Proceeding No. 1 herein), seeking a preliminary injunction. On the same day, another order was obtained directing PASNY to show cause why the preliminary injunction enjoining petitioners from interfering with the construction should not be vacated and, further, why the complaint underlying that relief should not be dismissed (Proceeding No. 2 herein). During the pendency of this appeal, specifically on June 19, 1978, the PSC issued a final order within the meaning of section 121 of the Public Service Law (Case No. 26529; Opinion No. 78-13; *Matter of Upset, Inc. v Public Serv. Comm., supra).* The June 19 order is the genesis for the issuance of a final certificate determining the remaining issues with respect to PASNY's right to construct the 765-kilovolt transmission line. Since Special Term granted interim relief below on the ground that only a final certificate could authorize construction, the issue is now moot *(903 Park Ave. Corp. v City Rent Agency,* 31 NY2d 330). That part of Special Term's order granting a preliminary injunction enjoining PASNY from proceeding with construction is reversed. Special Term was correct in refusing to declare that the acquisition of certain easements by PASNY for the proposed power line was void. Clearly, a determination of the location and routing of a major utility transmission facility and, thus, the acquisition of lands or easements over lands, is within the jurisdiction of the PSC (Public Service Law, § 126, subds 1, 2; *Matter of County of Orange v Public Serv. Comm. of State of N. Y.,* 44 AD2d 103, 105-106, mod on other grounds 37 NY2d 762). Next, since PASNY's determination of public need for the acquiring of easements is binding on the PSC (Public Service Law, § 126, subd 1, par [g]), it appears that the statutory scheme that provides for exclusive review by the Court of Appeals of a decision of the Appellate Division with respect to any matter relating to the construction of power lines (Public Service Law, § 129) effectively removed this issue from the jurisdiction of Special Term. Any determination with respect to easement acquisition by PASNY would be subject to judicial review as part of proceedings initiated pursuant to section 128 of the Public Service Law after a final certificate is issued by the PSC. Special Term should have also dismissed petitioners' allegations that the easements were void. Special Term was also correct in dismissing the petition as to the Department of Transportation (DOT). DOT was merely PASNY's agent in acquiring the easements for the proposed route (Public Authorities Law, § 1007). Since we have determined that Special Term lacked jurisdiction to determine whether the acquisition of the easements was valid, PASNY, as the principal for which they were obtained, does not need DOT's participation or assistance. The PSC's intervention in this appeal renders moot PASNY's argument below that the PSC is a necessary party. Since we are constrained to reverse the grant of the preliminary injunction enjoining PASNY from going forward with construction, it would be incompatible with reason not to leave PASNY's injunction against interference with its construction in place. Special Term, therefore, was correct in denying petitioners' motion to vacate that injunction. Order modified, on the law, without costs, by reversing so much thereof as granted a preliminary injunction against PASNY and the PSC and denied PASNY's motion to dismiss the petition in Proceeding No. 1, and by granting the motion to dismiss the petition in Proceeding No. 1; and, as so modified, order affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.