COLT INTERNATIONAL TRADING CORP., Respondent, v MED-AFRICA LINES, Appellant.

First Department, April 26, 1984

APPEARANCES OF COUNSEL

*Joseph F. De May, Jr.,* of counsel (*Michael J. Carcich* with him on the brief; *Cichanowicz & Callan,* attorneys), for appellant.

*David Jaroslawicz* (*Abraham Jaros* with him on the brief), for respondent.

OPINION OF THE COURT

SILVERMAN, J.

This is an appeal from an order of the Supreme Court, Special Term, entered April 13, 1983 denying defendant's motion to dismiss the action on the ground that New York

is not a proper forum, and for a protective order. While the appeal to this court was pending, Special Term by order entered February 27, 1984, granted defendant's motion for reargument (the court referring to it as "renewal"), again denied the motion to dismiss, but directed discovery to determine the location and contents of the relevant bill of lading and that upon proof of such contents, the motion could be renewed.

The grant of the motion for "renewal" (correctly designated "reargument" in the notice of motion) by the order of February 27, 1984 does not render academic the appeal from the order of April 13, 1983, except insofar as the later order supersedes the order of April 13, 1983 (CPLR 5517, subd [a], par 1), and in any event, the appeal from the order of April 13, 1983 also brings up for review the order of February 27, 1984 (CPLR 5517, subd [b]). We have requisitioned from the county clerk the papers on the motion for reargument and have considered them on this appeal.

This is an action by an American shipper of goods against defendant an ocean carrier, which is an Italian corporation with its office and place of business in Genoa, Italy, with a United States agent having a similar name.

Plaintiff contends that it shipped certain containers of goods aboard defendant's ship from Brooklyn, New York, to Nigeria with instructions that the cargo was to be released only against presentation of duly indorsed original bills of lading (which were apparently the documents necessary in order for plaintiff to have the benefit of a letter of credit in payment for the goods, which had been arranged with Chemical Bank in New York); and that defendant released the goods without receiving the documents.

The bills of lading attached to the complaint contain a forum selection clause that "[a]ny dispute arising under this Bill of Lading shall be decided in Genoa where the Carrier has his principal place of business". In *Export Ins. Co. v Mitsui S. S. Co.* (26 AD2d 436), this court held that the enforceability of such forum selection clauses is a matter resting in the sound discretion of the court and considerations of fairness and convenience.

Six years later the United States Supreme Court considered the question in *The Bremen v Zapata Off-Shore Co.* (407 US 1). The case was an admiralty case involving towage of a drilling rig from Louisiana to Italy damaged at sea so that the rig was towed to Tampa, Florida, the nearest port of refuge. The court held (p 19) that a forum selection clause requiring disputes to be litigated in the English courts was enforceable unless the party objecting (Zapata) was able "to carry its heavy burden of showing not only that the balance of convenience is strongly in favor of trial in Tampa (that is, that it will be far more inconvenient for Zapata to litigate in London than it will be for Unterweser to litigate in Tampa), but also that a London trial will be so manifestly and gravely inconvenient to Zapata that it will be effectively deprived of a meaningful day in court", and remanded for further proceedings to allow Zapata the opportunity to carry that burden. The Supreme Court noted that absent the forum selection clause in the contract there were persuasive reasons to hold an American forum convenient in the traditional sense. But the court held that this did not give sufficient effect to the forum selection clause; "that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" (*supra,* p 10). "The correct approach would have been to enforce the forum clause specifically unless Zapata could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching" (*supra,* p 15). "In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court" (*supra,* p 18).

Although the tests thus propounded by the Supreme Court do not necessarily bind this court, we think that in a case involving international shipment of goods by ocean carrier, it is probably desirable that the State courts should so far as possible apply the same rule as the Supreme Court has prescribed for Federal courts sitting in admiralty. In any event, it is self-evident that the Supreme Court's opinion on this point carries great authority.

It has been held, however, that such forum selection clauses are not binding with respect to contracts that are covered by the Carriage of Goods by Sea Act ([COGSA], US Code, tit 46, §§ 1300-1315; *Indussa Corp. v S. S. Ranborg,* 377 F2d 200, 204). COGSA applies to "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade" (US Code, tit 46, § 1300); "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade" (US Code, tit 46, § 1312; *Indussa Corp. v S. S. Ranborg, supra,* p 203.)

Plaintiff says that the goods were delivered by it to defendant in New York destined for Africa. Defendant, however, says that it only carried the goods from Antwerp to Nigeria. Defendant's version is supported by the only documents in the record. The bills of lading state Antwerp as the port of loading and as the place of issue, and Port Harcourt as the port of discharge. If plaintiff's version is correct, it is inconceivable that plaintiff does not have some document showing receipt by defendant of the goods in New York. Yet plaintiff has failed to produce any such paper. It has thus failed to meet the obligation which would be on it were defendant's motion one for summary judgment, which perhaps it is, to assemble, lay bare and reveal its proofs. (*Di Sabato v Soffes,* 9 AD2d 297, 301.)

Special Term appears at first to have been under a misapprehension as to which were the applicable documents. On this misapprehension being called to its attention, Special Term granted defendant's motion for reargument but still denied defendant's motion to dismiss, saying it could not determine the questions raised without proof of the contents of the bill of lading issued in New York, and directed discovery to determine whether it was in the custody of either party, and that upon proof of the contents of the New York bill, the motion may be renewed.

In the circumstances of this case, we cannot say that Special Term abused its discretion when it decided, after realizing that it may have misapprehended the facts, to have a fuller exploration of the facts rather than decide the motion on the basis of the failure of a party to produce appropriate documentation.

However, disclosure proceedings should be limited to the jurisdictional issues.

Orders, Supreme Court, New York County (Martin Evans, J.), entered April 13, 1983 and February 27, 1984 denying defendant's motion to dismiss on the ground that New York is not a proper forum, and denying defendant's motion for protective order vacating plaintiff's notice of deposition and requests for production of documents, and on "renewal" directing discovery to locate and ascertain contents of the bill of lading issued in New York, and permitting renewal of the motion upon proof of the contents of such bill of lading, should be unanimously modified, on the law, and in the exercise of discretion, to the extent that defendant's motion for a protective order is granted, and plaintiff's notice of deposition and demand for production of documents is vacated, except insofar as relates to the jurisdictional issues, and the denial of the motion to dismiss is without prejudice to renewal after reasonable opportunity for disclosure limited to jurisdictional issues; and the appeal from so much of the order of April 13, 1983 as denies defendant's motion to dismiss, should be dismissed as superseded by the order of February 27, 1984; and the orders otherwise affirmed, without costs.

The motion (motion No. 1273) to dismiss the appeal from the order of April 13, 1983 should be otherwise denied, without costs.

MURPHY, P. J., CARRO, LYNCH and ALEXANDER, JJ., concur.

Orders, Supreme Court, New York County, entered on April 13, 1983 and February 27, 1984, respectively, unanimously modified, on the law, and in the exercise of discretion, to the extent that defendant's motion for a protective order is granted, and plaintiff's notice of deposition and demand for production of documents is vacated, except insofar as relates to the jurisdictional issues, and the denial of the motion to dismiss is without prejudice to renewal after reasonable opportunity for disclosure limited to jurisdictional issues; and the appeal from so much of the order entered on April 13, 1983 as denied defendant's motion to dismiss, is unanimously dismissed as having

been superseded by the appeal from the order entered on February 27, 1984; and the orders are otherwise affirmed, all without costs and without disbursements.