■ SOCIETE ANONYME BELGE D'EXPLOITATION DE LA NAVIGATION AERIENNE (SABENA), Appellant, v PIERRE A. FELLER, Respondent.—Order, Supreme Court, New York County (George Bundy Smith, J.), entered March 18, 1985, denying plaintiff's motion for (1) summary judgment on its first cause of action for ejectment, (2) a preliminary injunction enjoining defendant from transferring the cooperative shares in the apartment and (3) dismissal of defendant's first, second and third counterclaims, and granting defendant's cross motion, dismissing the affirmative defenses of lack of subject matter jurisdiction and forum non conveniens in the reply to the counterclaims, unanimously modified, on the law, on the facts and in the exercise of discretion, without costs and disbursements, to the extent of granting a preliminary injunction, enjoining and restraining defendant from transferring or further encumbering the shares pertaining to the cooperative apartment 7C, located at 114 East 72nd Street, New York, New York, pending disposition of the action, conditioned upon the continuation of defendant's pension benefits with defendant being permitted to cash his pension checks, all without prejudice to either party in this action, and otherwise affirmed.

The action concerns the ownership of a cooperative apartment at 114 East 72nd Street, which was purchased by plaintiff in September 1976, for Feller, allegedly as Sabena's nominee. The purchase price was $88,000, with $22,000 down being paid by Sabena and a $66,000 mortgage loan. Title was taken in Feller's name and the loan papers were executed by him, with the cooperative stock and proprietary lease pledged as security. The transaction was completed in that manner since the cooperative corporation's bylaws prohibited ownership by a corporation. Feller, with Sabena since 1952, was an executive employee and in charge of Sabena's North American

operations since 1976. He has continuously resided in the apartment with his family. Monthly maintenance payments were made by plaintiff until November 1983, when defendant's employment was terminated and plaintiff demanded that he vacate the apartment.

The first cause of action for ejectment alleges that, under an agreement between the parties, executed in Brussels in February 1977, Feller acknowledged that the apartment was acquired in his name for Sabena's account and defendant was to assign the apartment to Sabena on demand, "provided that upon the date of such demand Sabena assumes the burden for payments of interest and principal which remain outstanding under the mortgage * * * the maintenance charges and all other charges of whatever nature." Subject to that condition, the agreement contains an express renunciation by Feller of all rights to the cooperative. The record includes other documentary proof, consisting of correspondence from Feller, further attesting to the fact that the apartment had been purchased in his name but "by virtue of a special agreement it belongs to the company."

The answer, containing 4 counterclaims and 10 affirmative defenses, seeks to recover for fraudulent misrepresentations, by which Feller was induced to apply for early retirement and, as a result, forfeited certain valuable employment benefits. It is alleged that Feller had filed for early retirement on a commitment that his employment contract would be reinstated to age 65, which agreement was breached by Sabena, resulting in the termination of his employment on December 31, 1983. It is claimed that this caused him to forfeit six years severance pay, totaling about $500,000. The second and third counterclaims, respectively, seek damages for the failure to reinstate the employment agreement and equitable estoppel and, in the fourth counterclaim, Feller demands a declaratory judgment that he is a "partial equitable owner" of the apartment, based upon his claim that he had paid maintenance charges since such charges and all loan payments were deducted from his salary. In opposing summary judgment, he contends that plaintiff did not satisfy the condition in the attestation or nominee agreement to pay monthly maintenance charges and loan payments, which Sabena had discontinued following Feller's separation from service.

We agree with Special Term that summary judgment on the first cause of action for ejectment was properly denied. Taking into account the limited function of the court on such motion, which is issue finding, not issue determination, there are

factual issues here which must await the trial. These issues include whether maintenance and loan payments during the period 1976 to 1983 were made by Sabena or were actually deducted from Feller's salary, which bears upon Feller's assertion that he is a partial equitable owner of the apartment, the relief sought in the fourth counterclaim. In addition, Feller claims that Sabena did not adhere to the condition in the agreement to pay mortgage interest and principal and the maintenance charges, all of which must be explored at trial.

We also agree that, notwithstanding the forum selection clause in the employment agreement, the motion to dismiss the counterclaims was properly denied. While forum selection clauses have oftimes been enforced (*see, The Brennan v Zapata Off-Shore Co.,* 407 US 1; *Colt Intl. Trading Corp. v Medafrica Lines,* 101 AD2d 157; *Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d 336), there are considerations of fairness and convenience here which lead one to the conclusion that the counterclaims were properly interposed in this action. Taking into account the fact that Sabena invoked the jurisdiction of our courts to resolve the disputed ownership to the apartment, equitable considerations militate against relegating Feller to another jurisdiction to resolve the related disputes raised in the counterclaims, some of which have been defensively interposed in this action. In addition, some of the counterclaims do not strictly arise under the employment agreement and, therefore, could be considered to be without the scope of the forum selection clause. At least, in part, the counterclaims seek damages resulting from fraudulent misrepresentations by Sabena, inducing Feller to apply for early retirement, which resulted in his forfeiture of valuable contract rights and the loss of $500,000 in severance pay.

However, we disagree with so much of the determination at Special Term as denied preliminary injunctive relief to restrain defendant from transferring the cooperative shares pending disposition of the action. It has been held that, in order to authorize an injunction pendente lite, it must be shown that there is (1) a likelihood of success on the merits; (2) irreparable injury in the absence of the granting of a preliminary injunction; and (3) a balancing of the equities. (*See, Grant Co. v Srogi,* 52 NY2d 496, 517; *Gulf & W. Corp. v New York Times Co.,* 81 AD2d 772; *Chrysler Corp. v Fedders Corp.,* 63 AD2d 567; *Albini v Solork Assoc.,* 37 AD2d 835.) We observed in *Chrysler Corp. v Fedders Corp.* (*supra,* pp 568-569): "Ordinarily, injunctive relief will not issue where its effect will be to grant all the relief to which the party may be

entitled after a trial (*Allied-Crossroads Nuclear Corp. v Atcor, Inc.*, 25 AD2d 643). However, an injunction should be granted if the activity complained of will cause irreparable injury to the party seeking such relief before a trial can be held to resolve the underlying controversy. In this context, irreparable injury means a continuing harm resulting in substantial prejudice caused by the acts sought to be restrained if permitted to continue *pendente lite* (*Allied-Crossroads Nuclear Corp. v Atcor, Inc., supra*). As this and other cases hold, where injunctive relief is granted, it is to be molded to fit the circumstances so as to preserve the *status quo* to the extent possible. In determining the nature and extent of such relief, a balance of the equities must be struck to effect substantial justice and to preserve the *status quo* (*Albini v Solork Assoc.*, 37 AD2d 835)."

As applied here, we are persuaded that there has been a sufficient and strong showing of irreparable injury which may result to plaintiff if defendant is not enjoined from transferring the cooperative's shares pending final resolution of the dispute. A balancing of the equities requires pendente lite injunctive relief to maintain the status quo pending final disposition.

Under the circumstances, we find injunctive relief appropriate, despite defendant's claim that the gravamen of the action is for breach of contract and that Sabena intends to transfer the shares to a nominee acceptable to the cooperative corporation. While Feller does not purport to have any present intention to transfer or encumber the cooperative shares and has expressed a desire to continue to live in the apartment with his family, we fail to perceive that he will suffer any prejudice from the limited injunctive relief which, in our view, should be conditioned upon the continued payment of his pension benefits, all without prejudice to either party in the action. Concur—Sandler, J. P., Sullivan, Milonas, Kassal and Rosenberger, JJ.