■ Anthony Bongiovi, Respondent, v Fay La Beet, Appellant.—Order of the Family Court, New York County (Sheldon Rand, J.), entered on September 2, 1988, which found respondent-appellant to be in violation of an order of protection and imposed a period of incarceration of 10 days, is unanimously affirmed, without costs or disbursements.

Respondent Fay La Beet gave birth to an out-of-wedlock child which was subsequently determined in a paternity pro-

ceeding to have been fathered by petitioner Anthony Bongiovi. In addition, the court issued an order of protection, dated February 6, 1987, in favor of petitioner against respondent. On November 13, 1987, a violation hearing was conducted at which Bongiovi claimed that La Beet had placed telephone calls to his 82-year-old parents, to his business associates and to his place of business. Although respondent first denied having made the calls, she later admitted to having called petitioner's parents twice, to telephoning his business associate and to having called petitioner at least five times. The court thereafter admonished La Beet, warning her that he would incarcerate her if she persisted in interfering with petitioner. A second violation hearing ensued on September 2, 1988 following the extension of the order of protection for another year. Petitioner stated that La Beet had made numerous threatening and menacing telephone calls to his place of business and submitted contemporaneous transcripts of three of those calls. Notwithstanding that respondent denied making such calls, the court found her in violation of the order of protection, concluding that Bongiovi's testimony had been credible whereas La Beet's was not. The court then sentenced respondent to 10 days' incarceration in jail but granted a stay of three days and, at the request of her attorney, permitted respondent and her counsel to appear in connection with a plea for a reduced sentence. At that time, La Beet's lawyer asserted that his client had threatened to contact the Bar Association with respect to the quality of his representation. The court informed respondent that she was well and adequately represented. Respondent, however, demanded another Judge and threatened to go to the newspapers, the press and the like.

The record of the instant matter clearly reveals sufficient evidence to support the court's factual determination and the sentence, which was not imposed until respondent had been warned not to continue harassing petitioner, was appropriate. Moreover, there is no merit to respondent's contention that she was not properly served and had no notice of the extension of the order of protection since her counsel, by letter dated February 24, 1988, consented to the extension. While the letter was signed by her attorney's father, as "of counsel" to the firm, both men participated in her representation. At any rate, respondent conceded that she was, in fact, aware of the order of protection and, therefore, personal service need not be demonstrated (*Power Auth. v Moeller*, 57 AD2d 380, 382, *lv denied* 42 NY2d 806). Concur—Sullivan, J. P., Ross, Milonas, Ellerin and Rubin, JJ.