■ TAKEO COMPANY LIMITED et al., Respondents, v MEAD

PAPER, INC., Appellant. [611 NYS2d 543] —Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered January 11, 1993, which, *inter alia,* granted the motion by plaintiffs Takeo Company Limited ("Takeo") and Wah Tong Paper Products Fty, Ltd. ("Wah Tong") for a preliminary injunction pursuant to CPLR 6301 enjoining, pending final determination of the underlying action, the defendant, its agents, employees and all other persons acting on its behalf from obtaining or attempting to obtain payment, or otherwise seeking to have the Hang Seng Bank Ltd., New York ("Hang Seng Bank"), make payment on, letter of credit number KTS 262943, in the amount of $128,646 issued by the Hang Seng Bank, and enjoining the Hang Seng Bank from honoring, making any payment on or otherwise accepting that letter of credit for payment pending determination of the underlying action, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in determining that the plaintiffs had established entitlement to a preliminary injunction by demonstrating a likelihood of success on the merits, irreparable injury should the relief sought be denied and a balancing of the equities in their favor *(Grant Co. v Srogi,* 52 NY2d 496, 517), based upon the court's finding that the plaintiffs had demonstrated, *via* the affidavits of experts, the parties' shipping invoices, and a surveyor's report, that the defendant had committed active intentional fraud in the underlying transaction and corresponding documentation with respect to the non-conforming and virtually worthless goods shipped which were to be paid for by that letter of credit.

Although a letter of credit constitutes a separate contract between the issuing bank and the beneficiary independent of the underlying contract between the parties engaged in the business transaction and although banks issuing letters of credit deal in documents and not in goods and are ordinarily not responsible for any breach of warranty or nonconformity of the goods involved in the underlying sales contract, nevertheless, both case and statutory authority in New York allow a court of appropriate jurisdiction to enjoin payment pursuant to a letter of credit and an issuing bank to refuse payment, where, as here, active fraud on the part of seller in the underlying transaction has been shown and the holder has not taken the draft under circumstances that would make it a holder in due course (UCC 5-114 [2] [b]; *see, United Bank v*

*Cambridge Sporting Goods Corp.,* 41 NY2d 254, 258-260; *Royal Bank v Weiss,* 172 AD2d 167, 168).

Defendant herein is not an innocent third-party holder of the draft, but rather is the alleged perpetrator of the alleged fraud, wherein non-conforming and virtually worthless merchandise was substituted for the documented goods.

Nor did the IAS Court err in finding that plaintiff Takeo had legal standing to seek the preliminary injunction enjoining payment of the irrevocable letter of credit, where, as here, the record reveals that Takeo was in direct contractual privity with the defendant as the buyer of the merchandise in the underlying transaction and was therefore responsible to the ultimate Hong Kong customers, including Wah Tong, which had opened the subject letter of credit for the benefit of the defendant; that UCC 5-114 (2) (b) does not, on its face, limit solely to "customers" the persons entitled to seek injunctive relief, but rather provides only that upon notification from the "customer" of "fraud, forgery or other defect not apparent on the face of the documents * * * a court of appropriate jurisdiction may enjoin such honor", and that any possible technical defect which may have existed as a result of the initial application made solely by Takeo for injunctive relief was corrected when the IAS Court subsequently granted, without opposition, a motion to add Wah Tong as a necessary party plaintiff in the underlying action on the same day the injunctive relief was granted *(see, Matter of Simonds v Power Auth.,* 64 AD2d 746, 748).

We have reviewed the defendant's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Williams, JJ.