■ In the Matter of MORICHES INLET ESTATES PROPERTY OWNERS ASSOCIATION et al., Respondents, v TOWN OF BROOKHAVEN et al., Appellants, and PHEASANT MEADOW FARM, INC., Respondent. [768 NYS2d 350]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Brookhaven dated November 19, 2001, which approved a site plan application filed by Pheasant Meadow Farm, Inc., and determined that its 10-lot residential subdivision will not have a significant effect on the environment within the meaning of the State Environmental Quality Review Act (Environmental Conservation Law art 8), the Town of Brookhaven, the Planning Board of the Town of Brookhaven, and Robert T. Reilly, Chairman of the Planning Board of the Town of Brookhaven, appeal, by permission, from an order of the Supreme Court, Suffolk County (Henry, J.), dated December 23, 2002, which denied the motion

of Pheasant Meadow Farm, Inc., in which they joined, to dismiss the proceeding on the ground that the petitioners lack standing.

Ordered that the appeal is dismissed as academic, with costs.

Initially, since the appellants joined in the motion of the developer to dismiss the proceeding for lack of standing, the appellants are aggrieved by the order denying the motion and may prosecute this appeal (see Ciraolo v Melville Ct. Assoc., 221 AD2d 582 [1995]; Voorhees v Babcock & Wilcox Corp., 150 AD2d 677 [1989]). However, the appeal must nevertheless be dismissed as academic.

The site plan approval granted to the developer for the 10-lot subdivision has expired by its terms, and the developer has reportedly submitted a new site plan application for a 20-lot subdivision. Any controversy surrounding the granting of the initial approval thus has been rendered academic (see Matter of New York Inst. of Technology v Colombo, 138 AD2d 489 [1988]; Teplitsky v Department of Envtl. Conservation of State of N.Y., 98 AD2d 745). The appellants ask us to nevertheless decide the standing issue under the exception to the rule against deciding academic questions (see Matter of Hearst Corp. v Clyne, 50 NY2d 707 [1980]) but we decline to do so since the appellants have not demonstrated that this issue will likely arise again. Rather, if the developer's new subdivision application is granted, and the petitioners find the approval of the new plan to be objectionable and commence a new proceeding, then the issue of the petitioners' standing can be litigated. S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.