▪ JULIA F. RICATTO, Respondent, v MICHAEL P. RICATTO, Defendant. DAVID T. JACOBSON et al., Nonparty Appellants. [772 NYS2d 705]—

In an action, inter alia, for divorce and ancillary relief, the nonparties, David T. Jacobson, 346 East 13 LLC, 516 East 12 LLC, and 338 West 17 LLC appeal from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated October 7, 2002, as denied those branches of their motion which were for a declaration that a temporary restraining order of the Supreme Court, Kings County (Yancey, J.), dated March 14, 2002, did not enjoin them, inter alia, from transferring or selling certain real property, and failed to direct the City Register of the City of New York to remove from its records that portion of the order dated March 14, 2002, as affected properties owned by 346 East 13 LLC, 516 East 12 LLC, and 338 West 17 LLC.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant husband in this matrimonial action and the

nonparty David T. Jacobson each has a 50% membership interest in the following limited liability companies which hold title to certain real property in Manhattan: 346 East 13 LLC, 516 East 12 LLC, and 338 West 17 LLC (hereinafter referred to collectively as the LLCs). By order dated March 14, 2002 (hereinafter the TRO), the Supreme Court, Kings County, temporarily enjoined the defendant from, inter alia, disposing of or diminishing his interest in the LLCs. The TRO was filed with the City Register of the City of New York (hereinafter the City Register).

Jacobson and the LLCs (hereinafter referred to collectively as the appellants) moved for an order, inter alia, declaring that the TRO did not apply to the LLCs and directing the removal of the TRO from the files of the City Register insofar as it referred to the LLCs' properties. The Supreme Court granted the motion only to the extent of directing the City Register to remove from its files that portion of the TRO as affected the property owned by 338 West 17 LLC so that the property could be sold. However, the Supreme Court directed that, if any new property was obtained as a result of a "like exchange" purchase, the new property would be subject to the TRO.

Although the appellants are nonparties, they are aggrieved by the denial of their motion in the Supreme Court and therefore have standing to prosecute this appeal (see J & A Vending v J.A.M. Vending, 303 AD2d 370, 374 [2003]; CPLR 5511; see also Matter of Moriches Inlet Estates Prop. Owners Assn. v Town of Brookhaven, 2 AD3d 641 [2003]; see generally Hayden v Catholic Home Bur., 298 AD2d 557 [2002]).

Domestic Relations Law § 234 permits a court to issue an order concerning the possession of real or personal property to prevent the disposition or dissipation of marital assets while a matrimonial action is pending, and the order may be recorded if it affects the title to real property (see Loderhose v Loderhose, 216 AD2d 275 [1995]; Leibowits v Leibowits, 93 AD2d 535, 537 [1983]).

The appellants contend that filing the TRO issued against the husband with the City Register placed a cloud on the title of the real property owned by the LLCs. Pursuant to Limited Liability Company Law § 601, the defendant's membership interest in the LLCs is considered personal property, and he has no interest in specific real property owned by the LLCs. Therefore, the appellants contend, the Supreme Court should have granted their motion in its entirety, issued an order declaring that the TRO did not apply to the LLCs, and directed the City Register to remove the references in the TRO to the LLCs' properties from its files. We disagree.

Even though the LLCs are not parties to the matrimonial action, nonparties "may be bound by an injunction if they have knowledge of it, provided they are servants or agents of the defendants, or act in collusion or combination with them" (*Rigas v Livingston,* 178 NY 20, 24 [1904]; *see Power Auth. of State of N.Y. v Moeller,* 57 AD2d 380, 382 [1977]). The Supreme Court was presented with sufficient evidence that the defendant and the appellants were acting in combination.

Jacobson acknowledged that the defendant provided the financing for the acquisition and operation of the real properties owned by the LLCs, while he provided the "sweat equity" as manager of the properties. Jacobson and the defendant were the only members of the LLCs, and each had a 50% membership interest. Pursuant to Limited Liability Company Law § 402 (d) (2), a vote of at least the majority in interest of the members is required for many actions, including the sale or mortgage of substantially all of the assets of the company. Accordingly, the appellants failed to demonstrate that the LLCs operated independently of the defendant with respect to the disposition of their properties. Since the TRO precludes the defendant from taking any actions as a member of the LLCs which would diminish the value of his membership interest, it serves to enjoin the LLCs as well. Under the circumstances, the TRO was properly filed with the City Register pursuant to Domestic Relations Law § 234.

In light of our determination, we need not address the plaintiff's contention that the order should be affirmed on the alternative ground that the appellants lacked standing to move for a modification of the TRO in the Supreme Court. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.