■ YU-DAN WONG, Respondent, v KENNETH MING WEI WONG, Defendant. ARTHUR WONG, Nonparty Appellant. [10 NYS3d 30]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered on or about April 8, 2014, which, to the extent appealed from as limited by the briefs, denied nonparty appellant's (hereinafter appellant) motion to vacate Supreme Court's stay of a Civil Court holdover proceeding, unanimously affirmed, without costs.

In this action for divorce, Supreme Court providently exercised its discretion in denying appellant's motion to vacate the stay of the holdover proceeding. Appellant, defendant's brother, brought the holdover proceeding against plaintiff, defendant's wife, to remove her from a cooperative apartment she used to share with defendant and their child. The stay is proper and did not violate appellant's due process rights, even though he is not a party to the divorce action and was not served with plaintiff's motion for a stay. Appellant had knowledge of the

stay and the court was presented with sufficient evidence that he and defendant were acting together to evict plaintiff from the apartment (*see Ricatto v Ricatto*, 4 AD3d 514, 516 [2d Dept 2004]). Moreover, appellant's counsel was able to argue against the stay before and after it was issued.

A stay is warranted to avoid plaintiff's eviction pending resolution of the divorce proceeding (*see Ricatto*, 4 AD3d at 515; *see also Societe Anonyme Belge D'Exploitation De La Nav. Aerienne [Sabena] v Feller*, 112 AD2d 837, 839-840 [1st Dept 1985]). Domestic Relations Law § 236 (B) (5) (f) permits a court to issue an order regarding the use and occupancy of the marital home, "without regard to the form of ownership of such property." As Supreme Court noted, it has yet to be determined in the divorce action whether the apartment is marital property and, if it is, how it might be equitably distributed. Appellant has not shown that the property is not marital property, as there is evidence in the record that defendant acquired the property during his marriage with plaintiff (*see* Domestic Relations Law § 236 [B] [1] [c]; *see also Massimi v Massimi*, 35 AD3d 400, 402 [2d Dept 2006], *lv denied* 9 NY3d 801 [2007]). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.