Hyman v Golio (2021 NY Slip Op 03578)





Hyman v Golio


2021 NY Slip Op 03578


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-09101
 (Index No. 602392/14)

[*1]George F. Hyman, etc., respondent,
v
Dominick Golio, etc., appellant.


Solomos & Storms, Astoria, NY (Derrick Storms of counsel), for appellant.
McLaughlin & Stern, LLP, Garden City, NY (John M. Brickman and Brian J. Grieco of counsel), for respondent.



DECISION & ORDER
In an action to recover upon a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered July 8, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an injunction to the extent of continuing the terms of a temporary restraining order contained in an order to show cause of the same court dated May 15, 2019.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2012, the plaintiff entered into an agreement to sell his limited liability company, Brooklyn Medical Eye Associates, LLC (hereinafter BMEA), to nonparty Craniofacial Surgery, P.C. (hereinafter Craniofacial), for $650,000. $200,000 of the purchase price was to be paid in cash, and the balance by a promissory note in the amount of $450,000. The note was guaranteed by the defendant Dominick Golio, who is the 100% shareholder of Craniofacial. Craniofacial defaulted on the note, and in May 2014, the plaintiff commenced this action to recover on the guarantee by motion for summary judgment in lieu of complaint pursuant to CPLR 3213.
The plaintiff successfully obtained a judgment in his favor and against the defendant in the principal sum of $450,000. However, the plaintiff was unable to collect on the judgment against the defendant.
On May 15, 2019, the plaintiff filed an order to show cause seeking, inter alia, the appointment a receiver for Craniofacial and BMEA pursuant to CPLR 5228, and an injunction barring the defendant from, among other things, diverting funds from Craniofacial and BMEA. The Supreme Court signed the order to show cause, which contained a temporary restraining order enjoining Craniofacial and BMEA, inter alia, "from transferring any cash or other assets to any person or entity, except in the ordinary course of their business, and, in no event, transferring or paying any funds to [the defendant] or paying any of [the defendant's] personal expenses (including expense[s] of [the defendant's] family)."
In an order entered July 8, 2019, the Supreme Court granted that branch of the [*2]plaintiff's motion which was for the appointment of a receiver for Craniofacial and BMEA "to the extent that the receiver is an independent party and will have the right to receive the distributions and allocations of profits but will not have the power to control day-to-day operations." The court also granted that branch of the plaintiff's motion which was for an injunction to the extent of continuing the terms of the temporary restraining order contained in the order to show cause. The defendant appeals from so much of the order as continued the terms of the temporary restraining order.
The defendant's argument regarding lack of personal jurisdiction over Craniofacial and BMEA based upon the plaintiff's failure to follow the procedural steps required for a special proceeding is unavailing, as no special proceeding was required for the plaintiff's application for the appointment of a receiver pursuant to CPLR 5228.
Moreover, even though Craniofacial and BMEA are not parties to this action, nonparties "may be bound by an injunction if they have knowledge of it, provided they are servants or agents of the defendants or act in collusion or combination with them" (Rigas v Livingston, 178 NY 20, 24; see Power Auth. of State of N.Y. v Moeller, 57 AD2d 380, 382; see also Motorola Credit Corp. v Uzan, 202 F Supp 2d 239, 251 [SD NY]).
Here, the Supreme Court was presented with sufficient evidence that Craniofacial and BMEA were acting in combination with the defendant (see Ricatto v Ricatto, 4 AD3d 514, 516). The defendant is President, CEO, and an employee of Craniofacial, and owns 100% of the stock of Craniofacial. The defendant also owns 100% of the membership interest in BMEA. The plaintiff's submissions demonstrated that the defendant utilized Craniofacial and BMEA to receive payments for his physician services, in an apparent attempt to hide his assets. Specifically, accounts payable and tax documents received by the plaintiff from All City Ophthalmology Services (hereinafter All City), a Queens practice at which the defendant provided medical services, reflect that in 2013, 2014, and the beginning of 2015, All City paid the defendant personally. However, in March 2015— during the pendency of a prior appeal in this action (see Hyman v Golio, 134 AD3d 992)—All City began making payments for the defendant's medical services to Craniofacial. In addition, during his post-judgment deposition testimony, the defendant confirmed that Craniofacial and BMEA pay the personal living expenses of the defendant and his family. The defendant failed to demonstrate that Craniofacial or BMEA operated independently of him (see Ricatto v Ricatto, 4 AD3d at 516).
The Supreme Court properly issued the injunction against Craniofacial and BMEA. The injunction was "necessary to protect the court's order" (Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 41 AD3d 25, 38; see CPLR 5240). The court appointed a receiver to receive the distributions and allocations of profits from BMEA and Craniofacial. However, Craniofacial and BMEA could have rendered the appointment of the receiver nugatory by improperly transferring assets and by continuing to pay for the personal expenses of the defendant and his family.
While a judgment creditor, such as the plaintiff, who obtains an economic interest in an LLC has no right to exercise control over its operations (see Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 318), here, the injunctive relief the Supreme Court granted did not impermissibly allow the plaintiff to interfere with the day-to-day management, operations, and corporate assets of BMEA.
The defendant's remaining contention is without merit.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court