OPINION OF THE COURT
 

 Per Curiam.
 

 Respondent, the Binghamton Urban Renewal Agency (BURA), is a municipal urban renewal agency established by the Legislature (General Municipal Law § 572). After studies indicating blight and a threat to public health, safety and welfare in what became the project area, in March 1980 BURA by resolution adopted the Clinton Street Redevelopment Project, a $3.4 million urban renewal project dedicated principally to residential use. After a public hearing the City Planning Commission approved the project. In April 1980 the City Council by ordinance adopted the project, making a finding of blight, and the Mayor approved the ordinance that month. Appellants’ land was in the project area and slated to be acquired by negotiated purchase or condemnation.
 

 BURA amended the project plan twice in 1980. The first amendment, prompted by a shortage of funds, permitted the project to be performed in three phases, so that the parcels of land in the project area could be purchased or condemned as funds became available
 
 (see,
 
 General Municipal Law § 505 [1]). The second amendment substituted one parcel of land for
 
 *437
 
 another and did not affect appellants. The City Council and the Mayor approved both amendments in December 1980. In April 1983 BURA amended the plan a third and final time, now dealing with commercial development; setting forth specific plans for developing particular parcels, including maximum building heights, setbacks and coverage; providing for possible acquisition of additional properties; and making other modifications. The City Council and Mayor approved this amendment in June 1983. All three amendments referred back to the plan and were preceded by notice and public hearing before the Planning Commission, but no additional findings relating to factors similar to those enumerated in EDPL 204 were made.
 

 Between 1980 and 1985 BURA negotiated with landowners in the project area, by agreement acquired title to substantially all of the parcels in the project, and commenced demolition. However, BURA was unable to reach agreement with appellants. Accordingly, in November and December 1985 BURA commenced these proceedings to condemn appellants’ land and acquire title to the three remaining parcels needed for the project. Special Term denied appellants’ motion to dismiss based on the Statute of Limitations, determined that there were no other issues favoring appellants, and entered judgment in favor of BURA, condemning appellants’ property. The Appellate Division affirmed, and we granted leave to appeal.
 

 The dispute centers on the applicable limitations period under the Eminent Domain Procedure Law (EDPL), and the accrual date of the statute. Article 2 of the EDPL contemplates that a condemnation will ordinarily not occur until the condemnor, after a hearing, has issued a determination and findings specifying the public use, benefit or purpose to be served, the approximate location for its selection, and the general effect on the environment and residents (EDPL 204;
 
 see, Jackson v New York State Urban Dev. Corp.,
 
 67 NY2d 400, 417-418). However, EDPL 206 (A) exempts a condemnor from compliance with article 2 when "pursuant to other state, federal, or local law or regulation [the condemnor] considers and submits factors similar to those enumerated in [204 (B)] to a state, federal or local governmental agency, board or commission before proceeding with the acquisition and obtains a license, a permit, a certificate of public convenience or necessity or other similar approval from such agency, board, or commission”. EDPL 206 (C) exempts a condemnor when "pur
 
 *438
 
 suant to other law or regulation it undergoes or conducts or offers to conduct prior to an acquisition one or more public hearings upon notice to the public and owners of property to be acquired” and considers factors similar to those enumerated in EDPL 204 (B).
 

 BURA did not comply with EDPL 204, but instead contends that it came within the exemptions found in EDPL 206 (A) and (C). In affirming Special Term the Appellate Division found that "all of the aforementioned plans, submissions and other activity engaged in by petitioner 'demonstrate substantial compliance with the exemption provisions of EDPL 206’.” Assuming for present purposes that BURA satisfied the exemption provisions of EDPL 206
 
 (see,
 
 EDPL 207;
 
 City of Buffalo Urban Renewal Agency v Moreton,
 
 100 AD2d 20, 24 [Hancock, Jr., J.]), the applicable Statute of Limitations provision would be EDPL 401 (A) (2) or 401 (C).
 

 EDPL 401 bars these proceedings. EDPL 401 (A) (2) provides for a limitations period of up to three years from "the date of the order or completion of the procedure that constitutes the basis of exemption under section two hundred six”. Respondent urges, as both Special Term and the Appellate Division agreed, that the three-year period commenced running upon approval of the third and final amendment to the plan, in June 1983; appellants urge that the operative date is April 1980, when the plan was initially adopted and approved. The procedure that formed the basis of the exemption claimed by BURA was completed by April 1980 when the ordinance was adopted and approved. BURA concedes that at that point the exemption requirements of EDPL 206 (A) were satisfied, and BURA was authorized to condemn appellants’ property. No new consideration of the factors enumerated in EDPL 204 is evidenced in the 1983 amendment to the plan. Nor are these condemnation proceedings rendered timely by EDPL 401 (C). While that section enlarges the limitations period to 10 years where a project is designated to be carried out in stages, it requires that proceedings with respect to the property necessary for the first stage have been commenced within the initial three-year period. Here, no proceedings were commenced until November 1985; no proceedings were commenced against appellant Manculich — whose property was in the first phase of the project — until December 1985.
 

 Finally, we note that the EDPL does not leave BURA without a remedy. EDPL 401 (B) provides that the limitations
 
 *439
 
 period can be revived if "the condemnor * * * again complies] with the provisions of article two”.
 

 Accordingly, the order of the Appellate Division should be reversed with costs, and the petitions dismissed.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
 

 Order reversed, etc.