[674 NYS2d 458]

In the Matter of PowERLINE COALITION, INC., et al., Petitioners,
v NEW YORK STATE PUBLIC SERVICE COMMISSION et al.,
Respondents.

Third Department, June 11, 1998

**APPEARANCES OF COUNSEL**

*Ward, Sommer & Moore, L. L. C.,* Albany (*Marti Green,* Dix Hills, of counsel), for petitioners.

*Gould & Wilkie,* New York City (*Robert J. Glasser* of counsel), for Central Hudson Gas & Electric Corporation, respondent.

*Lawrence G. Malone,* Albany (*Diane T. Deane* of counsel), for New York State Public Service Commission, respondent.

**OPINION OF THE COURT**

PETERS, J.

On May 29, 1991, Central Hudson Gas and Electric Corporation filed its preliminary plans, pursuant to Public Service Law article VII, with respondent Public Service Commission seeking a certificate of environmental compatibility and public need (hereinafter EC&PN) authorizing it to reconstruct, replace and upgrade two of its electric power lines in Ulster County and to modify six substations servicing those lines. In such plans, Central Hudson proposed, *inter alia,* to use its existing rights-of-way and easements as a preferred route.

Pursuant to Public Service Law § 122 (2) (b) and its implementing regulations (*see,* 16 NYCRR 85-2.10 [c]), notice of the proposal was published in the May 15, 1991 and March 20, 1991 editions of both the Daily Freeman and the Times Herald Record. Such notice included a summary of the plan, its proposed location and the date on or about which the application to the Commission would be made. The notice further indicated locations where copies of the proposal could be viewed as well as the names and addresses of company personnel to whom inquiries could be made. Finally, it stated that the final route may be other than that proposed or listed by Central Hudson.

In August 1991, after the application was filed, the Commission published notice in both of the aforementioned newspapers regarding public hearings scheduled to be held with respect to the application. Ultimately, public hearings were held between August 20, 1991 and September 23, 1993 which addressed both proposed alternatives to the original routes and issues of local concern.[1]

More than two dozen field inspections were conducted and approximately 15 technical conferences were convened before a

---

1. Participants in the hearings included representatives of the affected municipalities and government organizations, national and local environmental organizations including the Sierra Club, the Ridge and Vale Alliance and the Friends of Shawangunk Open Space Institute, and local historical societies including the Century House Historical Society and the D & H Canal Historical Society. Several individuals also participated, including one party

stipulation was reached with respect to the majority of the plan. A further public hearing and site inspection resulted in Central Hudson and the Commission finalizing plans for the last two areas. On May 23, 1995, Central Hudson received its EC&PN certificate.

By letter dated June 1, 1995, Central Hudson notified affected parties upon whose property line the transmission, center line or right-of-way could be located, that it was granted the EC&PN certificate and that surveying and engineering work would next be completed before the creation of an environmental management and construction plan (hereinafter EM&CP) which would be filed with the Commission. At least two of those affected parties later alleged that they never received such letter while another purportedly did not receive notice until October 1995.

In March 1996, Central Hudson notified the affected property owners by letter and by publication that it had filed a proposed EM&CP with the Commission and that there existed a 30-day period for public comment.[2] On July 11, 1996, the Commission approved a modified EM&CP, requiring Central Hudson to notify affected property owners of such final approval. It thereafter so notified them and made purchase offers for easements and/or rights of access. For those who did not accept such offers, condemnation proceedings were commenced.

On December 31, 1996, a group of individual landowners, local organizations and government officials petitioned the Commission for a rehearing pertaining to the grant of the EC&PN certificate. They claimed, *inter alia*, that they were not provided with the requisite notice pursuant to the due process guarantees of both the State and Federal Constitutions and under the relevant State statutes (*see*, Public Service Law §§ 122, 23). After the Commission denied their request, the instant proceeding was commenced pursuant to Public Service Law § 128 (a) for an order annulling the denial of the petition for a rehearing.[3]

---

represented by counsel, and numerous individuals appearing on their own behalf.

2. A revised EM&CP was filed and in May 1996, after further input, Central Hudson provided all the affected parties with an updated supplement to the EM&CP.

3. Respondents' motion to dismiss the petition was denied by this Court, without prejudice, in May 1997. Petitioners' motion for a stay pending the determination of this proceeding was similarly denied by us on July 11, 1997.

■ Petitioners contend that Central Hudson's failure to provide personal notice of the EC&PN certification process was violative of due process. We disagree. Approval of a public utility project and a resultant taking is a three-part process which first requires the utility to complete an analysis of the environmental impact and necessity for the project. Completion of that stage culminates in the issuance of a EC&PN certificate (Public Service Law § 121 *et seq.*). Next, the utility must notify all property owners who may be affected by such project of the impending EM&CP application and of the related public hearings which will occur prior to the implementation and approval of that plan. After approval of the EM&CP, the utility, now knowledgeable as to which property owners will be affected, must notify such owners of the approval and make offers to either purchase their rights or begin condemnation proceedings.

The action challenged here—the grant of the EC&PN certification—while a final action subject to review under Public Service Law § 128, was not a final action with respect to petitioners' interests. The final determination of petitioners' interests resulted from the EM&CP portion of the process and the subsequent offers of purchase and/or the institution of condemnation proceedings. By such time, individual notice was provided to affected property owners, not only by letter but also by publication, that Central Hudson had filed the proposed EM&CP with the Commission and that there existed a set period for public input. As the challenge here is to the EC&PN certification phase of the project, we find no constitutional infirmity in utilizing constructive notice because, at that stage, "it is not reasonably possible or practicable to give more adequate warning" or determine the affected parties with reasonable certainty (*Mullane v Central Hanover Trust Co.*, 339 US 306, 317) since final routes were not yet determined.

In recognizing that there is no set formula to achieve "a balance between these interests in a particular proceeding or [for] determining when constructive notice may be utilized or what test it must meet" (*id.*, at 314), where, as here, a challenge is made during this stage of the process and the name and address of affected property owners are not reasonably ascertainable yet notice is provided to property owners by publication and by simultaneous mailing to all local officials (*see*, Public Service Law § 122 [2] [a]), we conclude that the process followed was not "a mere gesture" (*Mullane v Central Hanover Trust Co., supra*, at 315) but was reasonably calculated to

inform those affected property owners of the potentially adverse affect on their property (*see, id.; see also, Mennonite Bd. of Missions v Adams*, 462 US 791, 795; *compare, Schroeder v City of New York*, 371 US 208). Upon this analysis, we find no merit to petitioners' claim of infringement of State constitutional due process guarantees (*see, County of Orange v Public Serv. Commn.*, 39 AD2d 311, 318, *affd* 31 NY2d 843).

■ Similarly unavailing is the substantive challenge to the published notices. As required by 16 NYCRR 85-2.10 (c), implementing Public Service Law § 122, the description of the proposed routing of such project was sufficiently detailed so as to inform the public of those particular lines that were being upgraded, that existing rights-of-way and easements were intended to be used, that there was a specified date on or about which the filing was to be made and that copies of the application were available for review. As the statute required that the published notice serve to "substantially * * * inform the public of such application" (Public Service Law § 122 [2] [b]), we find no error.

■ In so finding, we further agree that petitioners' claims are time barred. Public Service Law § 124 (1) (j) requires that the filing of an intent to become a party must occur within 30 days of the date given in a published notice as the date for filing. With respect to an application for a rehearing, a similar 30-day time limit applies (*see*, Public Service Law § 128 [1]). Here, Central Hudson received its EC&PN certificate in May 1995. Petitioners, without ever having sought party status,[4] made their application for rehearing in December 1996, over 18 months from the date of final approval. Accordingly, such petition was time barred pursuant to Public Service Law § 128 (1).

In finding neither constitutional nor statutory infirmities existing with respect to the notice that petitioners received at the contested stage of this process, coupled with the failure to timely commence the petition for rehearing, we find no basis upon which further review is warranted.

CARDONA, P. J., SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

4. We need not address the issue of whether petitioners' failure to seek party status precludes judicial review (*cf., Matter of Town of Wheatfield v State of N. Y. Pub. Serv. Commn.*, 185 AD2d 673; *Matter of Incorporated Vil. of E. Williston v Public Serv. Commn.*, 153 AD2d 943).