■ In the Matter of the Acquisition of Real Property by CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Respondent. ROBERT A. BERGER et al., Appellants. [711 NYS2d 851] —Peters, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered May 21, 1999 in Ulster County, which, in a proceeding pursuant to EDPL article 4, denied respondents' motion to dismiss the petition.

In May 1991, petitioner applied to the Public Service Commission (hereinafter PSC), pursuant to Public Service Law article VII, for a certificate of environmental compatibility and public need (hereinafter the certificate) authorizing it to reconstruct, replace and upgrade two electric transmission lines that serve Ulster County. In 1994, after approximately 200 information requests, 15 conferences and eight days of

hearings, an Administrative Law Judge recommended that the PSC approve the request. In May 1995, the PSC issued the certificate yet directed petitioner to conduct further proceedings to establish an environmental management and construction plan (hereinafter EMCP)—a document that reports on specific site-by-site environmental conditions and the location of various facilities while also addressing specific construction techniques. By the further terms of the PSC order, it directed as follows: "[Petitioner] shall not commence any proceeding under the Eminent Domain Procedure Law (EDPL), or begin site preparation or construction (except for surveying, boring, and such other related activities as are necessary to prepare final design plans) before it has submitted to the Commission and the Commission has approved, an [EMCP] consistent with the [EMCP] Guidelines * * * covering the portion of the project for which the activities are necessary. To calculate the three-year period for acquisition of property pursuant to the EDPL, the date of Commission approval of an [EMCP] covering the affected parcel shall be regarded as the date on which this [a]rticle VII proceeding was completed."

Petitioner sent notification of the PSC decision and the comment process for the EMCP to potentially affected landowners, including respondents. In July 1996, the PSC approved petitioner's EMCP, with portions of electric lines to be constructed on respondents' property. In approving the EMCP, the PSC lifted the ban on petitioner's commencement of condemnation proceedings under the EDPL. Respondents and other landowners thereafter brought a CPLR article 78 proceeding challenging the PSC's certificate under Public Service Law § 128 which was dismissed as untimely (see, *Matter of Powerline Coalition v New York State Pub. Serv. Commn.*, 244 AD2d 98, *appeal dismissed* 92 NY2d 919).

Upon respondents' refusal of petitioner's offer to purchase a permanent easement over the affected portion of their property, petitioner commenced this proceeding in February 1999 pursuant to EDPL article 4. Respondents moved to dismiss the application as time barred by EDPL 206 and 401 since more than three years had elapsed since the PSC's May 23, 1995 order issuing the certificate. Petitioner contended that by the terms of the order, the Public Service Law article VII proceeding was not complete until the EMCP was approved in July 1996. Supreme Court agreed, prompting this appeal.

Pursuant to EDPL 401 (A), petitioner, as the condemnor, is permitted to commence proceedings to acquire property necessary for a proposed public project within three years after the

conclusion of "the date of the order or completion of the procedure that constitutes the basis of exemption under [EDPL 206]" (EDPL 401 [A] [2]). Pursuant to EDPL 206 (b), the issuance of a certificate pursuant to Public Service Law article VII will satisfy that exemption. Yet, by the terms of the order so authorizing the certificate, it was subject to various conditions which included, as here relevant, that no condemnation proceedings pursuant to the EDPL shall be commenced before the PSC's approval of the EMCP. So reflecting that intention, the PSC directed that the date of its approval of the EMCP "shall be regarded as the date on which this [Public Service Law] [a]rticle VII proceeding was completed". Accordingly, as EDPL 401 details that the statutory period will either be the date of the order "or [the] completion of the procedure that constitutes the basis of exemption under [EDPL 206]", we find it clear that the limitations period did not begin to run until July 1996 when the PSC actually approved petitioner's EMCP and lifted its ban for the commencement of proceedings under the EDPL (*see, Matter of Binghamton Urban Renewal Agency v Manculich*, 67 NY2d 434; *Matter of Upset, Inc. v Public Serv. Commn.*, 57 AD2d 208). Therefore, the instant proceeding, commenced within three years of that approval, was timely.

To the extent that respondents seek to challenge the PSC's authority, as expressed in the certificate, to postpone the commencement of the limitations period for EDPL proceedings, we find the challenge time barred (*see, Matter of Powerline Coalition v New York State Pub. Serv. Commn.*, 244 AD2d 98, 102, *supra*; *Matter of Delaware County Citizens Opposed to Powerline Rte. Alternatives v Public Serv. Commn.*, 120 AD2d 256, 259, *lv denied* 69 NY2d 608).

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.