Clark, J.
(concurring). I disagree that law office failure applies to the matter at hand. Public Service Law § 22 specifies that respondent Public Service Commission (hereinafter the Commission) can provide for acceptance of a late-filed petition upon the demonstration of good cause only, and it neither refers to nor incorporates therein the provisions of CPLR 2005, i.e., the statute that permits courts to excuse delay or default as a result of the less stringent standard of law office failure. The CPLR is intended to govern only “the procedure in civil judicial proceedings in all courts of the state and before all judges” (CPLR 101; see CPLR 105 [d]) and, absent explicit mandate, does not apply to administrative proceedings like the one herein (see generally Matter of United States Power Squadrons v State Human Rights Appeal Bd., 84 AD2d 318, 325 [1981], affd 59 NY2d 401 [1983]; Matter of Nute v Bank of Commerce, 30 AD2d 1011, 1012 [1968]). Moreover, the concept of law office failure, which only applies in a limited context even in the civil arena (see CPLR 2004, 3012 [d]; 3215 [c]; 3216 [e]; 3404, 5015 [a] [1]; Tewari v Tsoutsouras, 75 NY2d 1, 12-13 [1989]; Cruz v Bronx Lebanon Hosp. Ctr, 73 AD3d 597, 598 [2010]; Storchevoy v Blinderman, 303 AD2d 672, 673 [2003]; LaValle v Astoria Constr. & Paving Corp., 266 AD2d 28, 28 [1999]; Martinez v New York City Tr. Auth., 183 AD2d 587, 587 [1992]), was intended to prevent clients from being denied their day in court in the instance of an inadvertent occurrence such as a misplaced file or an inaccurate diary entry where there is no prejudice to the opposing party (see CPLR 2005; Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2005 at 350-352). Thus, in the absence of an explicit reference to the CPLR, I disagree with the majority and would review petitioners’ conduct, as the Commission did, according to the standard of good cause.
In this regard, while I agree with petitioners that their petition for rehearing was electronically sent to Registered Post (hereinafter RPost) within the applicable 30-day statutory time *1031 period, that is not the appropriate inquiry here. Rather, this Court is constrained to determine any abuse of the Commission’s broad discretion against the backdrop of the explicit statutory mandate that a document is deemed filed upon receipt by the Secretary of the Commission (see 16 NYCRR 3.5 [d]). Even after acknowledging that petitioners’ counsel very likely expected RPost to promptly file the petition with the Secretary as required, I find counsel’s failure to follow up with RPost or the Commission itself after not having received either the notice of proof of delivery within two hours, as advised, or a recognition of filing by the Commission to be illustrative of an absence of good cause. This seems especially so in light of the record, which demonstrates that petitioners’ counsel was experienced in this process and was not without recourse to ensure compliance with the applicable statutory time limit (see Public Service Law § 128 [1]). Moreover, I share the concern of the Commission that the perceived legislative intent to expedite siting cases weighs against accepting petitioners’ untimely petition (see generally Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 261 [2010], cert denied 562 US —, 131 S Ct 822 [2010]). While the majority views one day as minimal in light of the length of this litigation as a whole, it is my view that petitioners’ failure to meet the statutory mandate of filing within 30 days effectively concluded the litigation and, therefore, that one day bears tremendous significance.
Thus, I find no basis upon which to disturb the Commission’s determination that petitioners’ petition was untimely (see Matter of Powerline Coalition v New York State Pub. Serv. Commn., 244 AD2d 98, 103 [1998], appeal dismissed 92 NY2d 919 [1998]; see also Matter of O’Brien v DiNapoli, 116 AD3d 1124, 1125 [2014], Iv granted 23 NY3d 908 [2014]). In the absence of a timely petition for rehearing, I find that the merits of the underlying certificate of environmental compatibility and public need are precluded from review by this Court (see Public Service Law §§ 22, 128, 129; Matter of Powerline Coalition v New York State Pub. Serv. Commn., 244 AD2d at 103; Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y., 231 AD2d 284, 289-290 [1997]; Matter of Gross v State of N.Y. Pub. Serv. Commn., 195 AD2d 866, 868 [1993]). Accordingly, I would confirm the Commission’s determination that petitioners’ petition was untimely and dismiss the petition. However, if I were to agree that the petition for rehearing was timely giving this Court jurisdiction, I would concur with the majority’s outcome.
Adjudged that the determinations are confirmed, without costs, and petition dismissed.