PROF-2013-S3 Legal Tit. Trust II v Weisz (2020 NY Slip Op 06565)





PROF-2013-S3 Legal Tit. Trust II v Weisz


2020 NY Slip Op 06565


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-03406
 (Index No. 512912/18)

[*1]PROF-2013-S3 Legal Title Trust II, etc., appellant, 
v
Robert Weisz, et al., respondents, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 15, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Robert Weisz and Esther Weisz which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In a prior action to foreclose the subject mortgage, commenced in 2008 by the plaintiff's predecessor in interest, the plaintiff's predecessor in interest accelerated the payment of the loan. That action was dismissed without prejudice by order dated March 21, 2014.
In opposition to that branch of the motion of the defendants Robert Weisz and Esther Weisz which was pursuant to CPLR 3211(a)(5) to dismiss the complaint in this action insofar as asserted against them as barred by the applicable statute of limitations, the plaintiff submitted an affirmation from its attorney stating that an attempt was made to revoke the acceleration of the loan by letter dated October 29, 2014—the last day of the limitations period. The plaintiff included a copy of the letter as an exhibit, but there is no evidence if and when the letter was mailed, either in the affirmation of the plaintiff's attorney which did not constitute admissible evidence (see Wells Fargo Bank, N.A. v Sesey, 183 AD3d 780, 782), or from an alleged certified mail receipt which was not stamped by the United States Postal Service. The defendant Robert Weisz denied receiving any such letter. In the absence of any admissible evidence of revocation of the acceleration of the loan within six years after the acceleration, the instant action, commenced in 2018, more than six years after the loan was accelerated in 2008, was properly determined to be time-barred.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court