Matter of Village of Kiryas Joel v Mezrich Estates Condominiums (2025 NY Slip Op 01937)

Matter of Village of Kiryas Joel v Mezrich Estates Condominiums

2025 NY Slip Op 01937

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-05832
 (Index No. 3843/22)

[*1]In the Matter of Village of Kiryas Joel, appellant,
v
Mezrich Estates Condominiums, respondent. 

J & G Law, LLP, Walden, NY (J. Benjamin Gailey of counsel), for appellant.
Catania, Mahon & Rider, PLLC, Newburgh, NY (Katherine E. Krahulik of counsel), for respondent.

DECISION & ORDER
In a condemnation proceeding pursuant to EDPL article 4, inter alia, to acquire certain real property, the condemnor, Village of Kiryas Joel, appeals from an order and judgment (one paper) of the Supreme Court, Orange County (E. Loren Williams, J.), dated April 18, 2023. The order and judgment granted the motion of the condemnee, Mezrich Estates Condominiums, pursuant to CPLR 3211(a)(5) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In July 2022, the Village of Kiryas Joel commenced this proceeding against Mezrich Estates Condominiums (hereinafter Mezrich), inter alia, to acquire certain real property (hereinafter the property) owned by Mezrich. The Village conducted a public hearing on January 26, 2017, regarding a proposed project to acquire the property by eminent domain in order to rehabilitate and widen certain roads within the Village (hereinafter the project).
In October 2022, Mezrich moved pursuant to CPLR 3211(a)(5) to dismiss the petition as time-barred pursuant to the Eminent Domain Procedure Law. The Village opposed the motion. By order and judgment dated April 18, 2023, the Supreme Court granted Mezrich's motion and dismissed the proceeding. The Village appeals. We affirm.
"'In resolving a motion to dismiss pursuant to CPLR 3211(a)(5) on the ground that the cause of action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference'" (Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d 677, 680, quoting Bank of N.Y. Mellon v Bissessar, 172 AD3d 983, 984). "'To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired'" (North Shore Invs. Realty Group, LLC v Traina, 170 AD3d 737, 738 [internal quotation marks omitted], quoting U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835). If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the [*2]action within the applicable limitations period (see Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 644).
EDPL 401(A)(2), in relevant part, provides that "[t]he condemnor may commence proceedings under this article to acquire the property necessary for the proposed public project up to three years after conclusion of the later of . . . the date of the order or completion of the procedure that constitutes the basis of exemption under section two hundred six." EDPL 401(C) extends the relevant limitations period, providing that, "[i]n the event property is to be acquired for a public project in stages, the condemnor after conducting a required public hearing for the entire project need not conduct additional hearings for subsequent stages, provided that proceedings under this article with respect to property for the project are commenced within ten years."
Here, the parties do not dispute that the statute of limitations period began to run on January 26, 2017, the date on which the public hearing was held. Mezrich established, prima facie, that the petition, which was filed more than five years after the hearing date, was not timely under EDPL 401(A). In opposition to Mezrich's prima facie showing, the purported evidence submitted by the Village was not in admissible form (see PROF-2013-S3 Legal Tit. Trust II v Weisz, 188 AD3d 937), and thus was insufficient to raise a question of fact as to whether the extended limitations period prescribed by EDPL 401(C) was applicable under the circumstances of the project such that the petition was timely (see Binghamton Urban Renewal Agency v Manculich, 67 NY2d 434, 438; Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 692).
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court